Filing # 15305125 Electronically Filed 06/26/2014 07:29:58 PM

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

RHONDA WILLIAMS,

      Plaintiff,

                                        Case No. 14-CA-000646

vs.

                                        Division

MOSAIC FERTILIZER, LLC,

      Defendant

_____/

### MOTION TO DISMISS AMENDED COMPLAINT COUNTS II, III, AND IV,
### AND MOTION TO STRIKE ALLEGATIONS OF PUNITIVE DAMAGES

      Defendant, Mosaic Fertilizer, LLC ("Mosaic"), moves to dismiss Amended Complaint Counts II (gross negligence), III (strict liability), and IV (medical monitoring) under Florida Rules of Civil Procedure 1.110(b) and 1.140(b)(6). Mosaic also moves to strike all allegations asserting punitive damages under Rule 1.140(f) and section 796.72, Florida Statutes.

### BACKGROUND

      Plaintiff, Rhonda Williams, filed a Complaint on January 17, 2014. Plaintiff did not serve the original Complaint. Three and half months later, on May 9, Plaintiff then filed an Amended Complaint, which she served on May 13, 2014.[1] It is this Amended Complaint that is the subject of Mosaic's motions.

### ARGUMENT

      Allegations that do not satisfy ultimate fact pleading requirements or the elements of the purported allegations do not state a cause of action and subject the Amended Complaint to

---

[1] The parties have stipulated to two of extensions of time to respond to the Amended Complaint in an effort to assess the efficacy of the asserted action.

dismissal.   Plaintiff's Amended Complaint must be dismissed for failing to allege essential elements for gross negligence, strict liability, and medical monitoring.   Plaintiff also alleges a claim for punitive damages under section 768.72, Florida Statutes, which is premature—at best.

Florida law requires that all complaints be plead with the support of ultimate facts.  *See* Fla. R. Civ. P. 1.110(b).

**I.    Plaintiff fails to state a cause of action for gross negligence for failing to allege ultimate facts of (a) an imminent or clear and present danger, or (b) that Mosaic's acts or omissions evidence a conscious disregard of consequences that is more than simple carelessness.**

Plaintiff alleges that Mosaic and predecessors have conducted regulated and permitted operations at the Riverview facility since the 1950s—more than half a century.  *See* Am. Compl. ¶ 16.  Plaintiff alleges that a Mosaic predecessor, Gardinier, "received permits to construct a new phosphogypsum stack" in 1984—30 years ago.  *See* Am. Compl. ¶ 17.  Plaintiff finally alleges that Mosaic predecessor, Gardinier, was granted a permit by the Florida Department of Environmental Protection to expand the second phosphogypsum stack in 2000—14 years ago. *See* Am. Compl. ¶ 18.

To plead gross negligence, however, Plaintiff must allege the following elements:

> 1. A composite of circumstances which, together, constitutes an 'imminent' or 'clear and present' danger amounting to more than normal and usual peril;
>
> 2. A showing of chargeable knowledge or awareness of the imminent danger; and
>
> 3. The act or omission complained of must occur in a manner which evinces a 'conscious disregard of consequences,' as distinguished from a 'careless' disregard thereof (as in simple negligence) or from the more extreme 'willful or wanton' disregard thereof (as in culpable or criminal negligence).

2

Greenberg Traurig, P.A.

*Greathouse v. Ceco Concrete Constr.*, No. 5:06cv2-RS-AK, 2007 WL 624550, *4 (N.D. Fla. Feb. 23, 2007); *see also Fleetwood Homes of Florida, Inc. v. Reeves*, 833 So. 2d 857, 867 (Fla. 2d DCA 2002) *overruled on other grounds by Reeves v. Fleetwood Homes of Florida, Inc.*, 889 So. 2d 812 (Fla. 2004).

The long historical, regulated, and regionally ordinary activity undertaken by Mosaic and its predecessors for more than five decades—as Plaintiff alleges—does not satisfy the pleading requirements of (a) "imminent" or "clear and present danger," or (b) a voluntary act or omission evincing a conscious disregard for "likelihood" of injury. *Greathouse*, 2007 WL 624550 at *5 and *6.

Plaintiff have not alleged either an imminent or clear and present danger, or that Mosaic's acts or omissions evidenced a conscious disregard of consequences based on underlying allegations that Mosaic and its predecessors have conducted regulated activities permitted by the Florida Department of Environmental Protection and its predecessors for approximately 60 years. Accordingly, Plaintiff fails to state a cause of action for gross negligence and Count II should be dismissed.

II.   **Plaintiff fails to state a cause of action for strict liability by failing to allege ultimate facts for each of the elements for strict liability or an "abnormally dangerous activity."**

Plaintiffs also attempt to allege a cause of action for strict liability based on the same underlying "ultimate facts" that Mosaic and predecessors have conducted regulated and permitted operations at the Riverview facility for more than half a century. *See* Am. Compl. ¶¶ 16-18.

Greenberg Traurig, P.A.

To plead strict liability or an abnormally dangerous activity, however, Plaintiff must allege a number of elements.

> To determine if an activity is abnormally dangerous, the following factors are considered:
>
> (a) existence of a high degree of risk of some harm to the person, land or chattels of others;
>
> (b) likelihood that the harm that results from it will be great;
>
> (c) inability to eliminate the risk by the exercise of reasonable care;
>
> (d) extent to which the activity is not a matter of common usage;
>
> (e) inappropriateness of the activity to the place where it is carried on; and
>
> (f) extent to which its value to the community is outweighed by its dangerous attributes.

*Peoples Gas System v. Posen Constr., Inc.*, No. 2:11-cv-231-FtM-29SPC, 2011 WL 5525346, *3 (M.D. Fla. Nov. 14, 2011) (granting a motion to dismiss on a strict liability count).

Curiously, Plaintiff fails to make even conclusory allegations as to the elements of strict liability, other than to allege the conclusion—unsupported by ultimate facts—that Mosaic was engaged in "abnormally dangerous activities." Am. Compl. ¶ 81. This is insufficient to allege strict liability. Accordingly, Count III should be dismissed.

**III.   Plaintiff fails to state a cause of action for medical monitoring by failing to allege ultimate facts for each of the elements for medical monitoring.**

Similar to her failure to allege strict liability, Plaintiff also fails to allege the elements of medical monitoring, which is comprised of the following elements:

> (1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the defendant's negligence; (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of

Greenberg Traurig, P.A.

the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

*Petito v. A.H. Robins Co.*, 750 So.2d 103, 106-107 (Fla. 3d DCA 1999); *Wyeth v. Gottlieb*, 930 So. 2d 635, 640 (Fla. 3d DCA 2006).

Here, for example, Plaintiff fails to allege, that (a) she has suffered "exposure greater than normal background levels" of a purported hazardous substance, (b) "the prescribed monitoring regime is different from that normally recommended in the absence of the exposure," or (c) "the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles."

Accordingly, Plaintiff fails to state a cause of action for medical monitoring and Count IV should be dismissed.

**IV.    Plaintiff improperly alleges a claim for punitive damages, which is in direct contravention of section 768.72, Florida Statutes, and is thus subject to being struck.**

Under section 768.72(1), Florida Statutes,

> no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.   The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.

Plaintiff may not allege punitive damages "without first properly seeking and receiving the court's permission to do so." *Leavins v. Crystal*, 3 So. 3d 1270, 1273 (Fla. 1st DCA 2009).

## CONCLUSION

For the reasons described above, Amended Complaint Counts II (gross negligence), III (strict liability), and IV (medical monitoring) should be dismissed, and all allegations asserting punitive damages should be struck.

5

Greenberg Traurig, P.A.

/s/ Christopher Torres
David B. Weinstein (FBN 604410)
weinsteind@gtlaw.com
Christopher Torres (FBN 0716731)
E-mail: torresch@gtlaw.com
Chelsae R. Johansen (FBN 0106029)
johansenc@gtlaw.com
GREENBERG TRAURIG, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900
Secondary Email: dunnla@gtlaw.com;
FLService@gtlaw.com

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been furnished to the following by e-mail on

June 26, 2014 from the Florida E-Filing Portal:

Laureen Galeoto
LAW OFFICE OF LAUREEN GALEOTO, PLLC
511 W. Bay Street, Suite 350
Tampa, FL 33606
M. 813.280.9323
F. 813.433.5539
Primary laureen@laureenlaw.com
Secondary info@laureenlaw.com

Mary Ellen Hogan
THE GREEN COUNSELOR, PLLC
511 W. Bay Street, Suite 350
Tampa, FL 33606
M. 813.964.6515
c. 310.991.3146
Primary maryellen@thegreencounselor.com
Secondary mehoganlaw@sbcglobal.net

William P. Walker, Esquire
WALKER MORGAN, LLC
135 E. Main Street
Lexington, SC 29072
M: 803.359.6194
F: 803.957.4584
E: bw@walkermorgan.com

/s/ Christopher Torres
Attorney

*TPA 511923591*

6

Greenberg Traurig, P.A.