UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA WILLIAMS, a single person,
    Plaintiff,

v.                                                    Case No. 8:14-cv-1748-T-35TGW

MOSIAC FERTILIZER, LLC, a Delaware
Corporation doing business in Florida
    Defendant
_____/

## PLAINTIFF RHONDA WILLIAMS' MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS FILED ON AUGUST 1, 2014

Plaintiff Rhonda Williams moves this Court for an order striking Defendant's, Motion to Dismiss, filed on August 1, 2014, (See Doc. No. 7), on two grounds. First, the Defendant disregarded Local Rule 4.02(c), which, Rhonda Williams complied with when she filed her Response to Defendant's "first" Motion to Dismiss, on July 31, 2014, (See Doc. No. 5), one day before Defendant filed its "second" Motion to Dismiss in this action. Second, and most importantly, what Defendant masquerades as a Motion is really a tacit reply by the Defendant filed in clear contradiction and disregard of Local Rule 3.01(c), which prohibits a right of reply absent leave of Court.

### CONTROLLING BACKGROUND

On July 18, 2014, Defendant filed a Notice of Removal, removing the above-styled action, previously pending in the Thirteenth Judicial Circuit in and for Hillsborough County ("State Court Action"). Prior to that removal, on June 26, 2014, Defendant filed its first Motion to Dismiss ("First Motion to Dismiss") in the State Court

Action.  Defendant's First Motion to Dismiss was attached to Defendant's Notice of Removal (See Doc. No. 1), and then separately docketed by the Clerk of this Court as Document number 6 at 2:37 pm, on August 1, 2014.

On Friday, July 25, 2014, counsel for Rhonda Williams, corresponded with counsel for the Defendant, and advised that based upon her reading of Local Rule 4.02, she believed that Rhonda Williams' Response to the First Motion to Dismiss was due, and that she intended to proceed with that filing.  (See email correspondence attached as Exhibit "A.")[1]

Rhonda Williams did in fact file her Response on July 31, 2014 (See Doc. No. 5), in compliance with Local Rules 3.01(a) and 4.02(c).  Nevertheless, one day later, on the late afternoon of August 1, 2014, Defendant's filed another Motion to Dismiss, ("Second Motion to Dismiss"), wherein Defendant raised new arguments, not raised in the First Motion to Dismiss, in a tacit attempt to reply to arguments made by Rhonda Williams' Response, in clear violation of Local Rule 3.01(c).

### ARUGMENT

1. **Local Rule 4.02(c), and controlling legal authority require that Defendant's Second Motion to Dismiss be struck and disregarded by this Court.**

The removal of this action on July 18, 2014, set off certain deadlines as provided for in Local Rule 4.02.  Specifically, subpart "c" states:

> When a case is removed to this Court with pending motions on which briefs or legal memoranda have not been submitted, the moving party shall file and serve a

---

[1] Counsel for Rhonda Williams at first was reaching out for an extension of time based on an initial miscalculation of the deadline by adding 10 days, not 14 days.  That request was withdrawn when that error was noticed.  See Exhibit "A."

> supporting brief within fourteen (14) days after the removal in accordance with Rule 3.01(a) of these rules, and the party or parties opposing the motion shall then comply with Rule 3.01(b) of these rules.

Thus, in accordance with this Local Rule, Rhonda Williams' response to the Defendant's First Motion to Dismiss was due by Friday, August 1, 2014. Rhonda Williams' reading of this rule is and was consistent with case authority in the Middle District of Florida. See *Sehringer v. Big Lots, Inc.,* 532 F. Supp 2d 1335, at fn. 2, 2007 US DIST LEXIS 96831 (MD Fla. 2007).[2]

*Sehringer,* a case directly on point concerning the application of Local Rule 4.02(c), and Local Rule 3.01(c), explained that since, "Defendant's original (state court) motion contained citation to authority, both statute and case law, and an affidavit in support of its position.... Defendant has already filed a memorandum of law with the court below, and should not be permitted to submit additional memoranda otherwise improper under the Local Rules." *Id*. at 1341, fn 2. Here, as in *Sehringer*, the Defendant filed a motion in the State Court Action that contained citation to authority, both statute and case law.[3] Accordingly, Defendant's Second Motion to Dismiss filed on August 1, 2014, must be struck and disregarded by this Court as it was filed in clear contradiction to Local Rule 4.01(c).

---

[2] Judge Adams adopted and incorporated by reference the Magistrate Judge's Report and Recommendation in its entirety, at *Sehringer v. Big Lots, Inc.,* 532 F. Supp. 2d 1335, US DIST LEXIS 73859 (MD Fla. 2007).

[3] Defendant did not file an affidavit in support of its First or Second Motion to Dismiss, as such would be wholly improper at this motion and pleading stage which is limited to the four corners of the Amended Complaint. Thus, the existence of an affidavit, *vel non,* should have no impact on this Court's decision.

**2. Defendant was not permitted to file an additional memorandum, which serves as a tacit reply, in violation of Local Rule 3.01(a) and (c).**

On August 1, 2014, Defendant filed a Second Motion to Dismiss, that cited to "additional" authority and raised "additional" arguments from what it originally cited in its First Motion to Dismiss, in clear violation of Local Rules 3.01(a) and (c), and 4.02(c). Again, *Sehringer* is on point.[4] In that action, the court was confronted with a motion to dismiss filed by the defendant in the state court action. Upon removal, the plaintiff filed a response and then within days of that response, the defendant, without seeking leave to file a reply, filed a "Memorandum in Support" of its motion to dismiss." The *Sehringer* court found that the defendant's "Memorandum in Support" was in essence a reply filed in violation of Local Rule 3.01(c), which requires leave to file a reply. See *Sehringer* at 1341. As in *Sehringer*, to allow Defendant Mosaic Fertilizer, LLC's Second Motion to Dismiss to stand, would be to allow Defendant to circumvent the rule and render the rules meaningless.

To be clear, Defendant here did in fact raise new arguments and cite to "additional" authority in its Second Motion to Dismiss. By way of example, not only does the Defendant supplement its argument concerning the pleading standard, but cites to the Clean Air Act's non-attainment designation as grounds to dismiss the count for

---

[4] The decision by Judge Moody in *Universal Underwriters Insurance Company, v. AIT Worldwide Logistics, Inc.,* Case No. 8:08-cv-2263-T-30TGW, dated December 5, 2006, U.S. Dist. Court for the M.D. of Florida, Tampa Division is inapposite. This decision, cited by counsel for Defendant in response to counsel for Plaintiff's inquiry , (see Exhibit "B"), has no bearing on the present facts of this case. In *Universal Underwriters,* no response was filed by the plaintiff in federal court, and no attempt was made by the defendant at a second bite at the apple to file a "second motion to dismiss" after being removed to federal court. Nor is there any discussion of whether the "first motion to dismiss" contained any discussion of legal authority.

gross negligence. This argument and citation is not only new to the Second Amended Complaint, but is an obvious "reply" to Rhonda Williams' Response.

Defendant's argument and citation at the end of the day are a red herring for several reasons, including the fact that it ignores the that the new five-year attainment date was triggered by the U.S. Environmental Protection Agency's new promulgation of a lower sulfur dioxide standard, which Defendant has arguably been in violation of for years. Nonetheless, that fact that this "additional" argument was made makes Defendant's Second Motion to Dismiss a "reply" that has been inappropriately filed in disregard of this Court's Local Rule and must be struck consistent with the prevailing authority in this District.

### CERTIFICATION PER LOCAL RULE 3.01(g)

Counsel for Rhonda Williams certifies that she spoke with counsel for Defendant, Chris Torres on August 12, 2014, first by telephone and later via electronic correspondence, in an attempt to resolve the issues raised herein and states that no agreement was reached. See email correspondence attached as Exhibit "B."

WHEREFORE, Plaintiff Rhonda Williams seeks an Order Striking Defendant's Motion to Dismiss (Doc. No. 7), filed on August 1, 2014. In the alternative, Rhonda Williams seeks leave to file a sur-reply, or such further relief as this Court deems just and proper.

Dated: August 14, 2014

 /s/ Laureen Galeoto
Laureen Galeoto, Trial Counsel
FBN 0194107
Law Office of Laureen Galeoto, PLLC

511 W. Bay Street, Suite 350
Tampa, FL 33611
P. 813.280.9326
Laureen@laureenlaw.com

Mary Ellen Hogan
FBN 0065372
The Green Counselor, PLLC
511 W. Bay Street, Suite 350
Tampa, FL 33606
P. 813.964.6515
Maryellen@thegreencounselor.com

~pending pro hac admission~

William P. Walker
Walker Morgan, LLC
135 E. Main Street
Lexington, SC 29072
P. 803.359.6194
bw@walkermorgan.com

## CERTIFICATE OF SERVICE

    I CERTIFY that on August 14, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

   /s/ Laureen Galeoto_____
Counsel for Rhonda Williams