UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA WILLIAMS,

    Plaintiff,

v.                                                   Case No: 8:14-cv-1748-T-35MAP

MOSAIC FERTILIZER, LLC,

    Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 27) and Plaintiff's response in opposition thereto. (Dkt. 30) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion to Dismiss.

Contrary to Defendant's contention, the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, does not preempt Plaintiff's Florida common law claims. See Bell v. Cheswick Generating Station, 734 F.3d 188, 196-97 (3d Cir. 2013) (relying upon the United States Supreme Court's ruling in International Paper Co. v. Ouellette, 479 U.S. 481 (1987) in holding that "source state common law actions are not preempted"); Merrick v. Diageo Americas Supply, Inc., 5 F. Supp. 3d 865, 876 (W.D. Ky. 2014) (same).

Defendant has pointed to no pending or impending administrative agency proceedings which necessitate that the Court stay this action in deference to the Florida Department of Environmental Protection or the Environmental Protection Agency. Defendant's assertion of the federal primary jurisdiction doctrine therefore is without merit.

With respect to Defendant's Rule 12(b)(6) arguments, the Court finds that the Complaint satisfies the requirements of notice pleading with respect to her claims for strict liability and medical monitoring. Pursuant to Ferayorni v. Hyundai Motor Co., 711 So. 2d 1167, 1172 (Fla. 4th DCA 1998), the Court also finds that Plaintiff's strict liability failure to warn claim is viable as pled.

Finally, with respect to Count V for strict liability pursuant to Section 376.302, Florida Statutes, Plaintiff acknowledges she is not entitled to "lost wages, [and] past and future health care costs." The Court takes note of her stipulation that these amounts shall not form a basis for her damages.

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 27) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of February 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Person