UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RHONDA WILLIAMS,**

    Plaintiff,

v.                                      Case No: 8:14-cv-1748-MSS-TGW

**MOSAIC FERTILIZER, LLC, a Delaware corporation doing business in Florida, and THE MOSAIC COMPANY, a Delaware corporation,**

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of The Mosaic Company's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 37) and Plaintiff's response in opposition thereto. (Dkt. 38) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendant's Motion to Dismiss.

In this action, Plaintiff asserts claims against Mosaic Fertilizer, LLC for health problems she alleges she has suffered as a result of living in close proximity to Mosaic Fertilizer's phosphate manufacturing facility in Riverview, Florida. In her Second Amended Complaint ("SAC") Plaintiff also asserts claims against Mosaic Fertilizer's parent corporation, The Mosaic Company, for negligence, gross negligence, and strict liability failure to warn.

In United States v. Bestfoods, 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998), the United States Supreme Court recognized as "hornbook law" that liability for

environmental harm can be imposed either on an "owner" or an "operator" of a facility, but a parent corporation is not liable for the acts of its subsidiary. Plaintiff concedes there is no basis in this case for holding The Mosaic Company vicariously liable for the actions of Mosaic Fertilizer or for piercing the corporate veil. (See Dkt. 38 at 2) Instead, she seeks to hold The Mosaic Company directly liable for its own actions, not in operating or owning the Riverview facility, but "for its misleading and deceitful conduct in its massive public relations and marketing campaign to the detriment of [Plaintiff]." (Id.) Plaintiff contends the purpose of The Mosaic Company's public relations and marketing campaign was to "hide the truth about the magnitude and toxicity of Mosaic Fertilizer's pollution," and, by its own actions, The Mosaic Company created an appreciable zone of risk in which she and others were exposed to harm. (Id. at 3-4)

It is well-settled "[u]nder the common law, a person has no duty to control the tortious or criminal conduct of another or to warn those placed in danger by such conduct unless there is a special relationship between the defendant and the person whose behavior needs to be controlled or the person who is a foreseeable victim of such conduct." Palmer v. Shearson Lehman Hutton, Inc., 622 So. 2d 1085, 1089 (Fla. 1st DCA 1993) (citing Boynton v. Burglass, 590 So. 2d 446 (Fla. 3d DCA 1991)). Plaintiff explicitly states that her Second Amended Complaint does not seek to hold The Mosaic Company liable for Mosaic Fertilizer's actions. Therefore, she must allege a special relationship between herself and The Mosaic Company that would create a duty for The Mosaic Company to warn her of Mosaic Fertilizer's harmful actions. Plaintiff has not alleged any such special relationship or duty in the SAC.

Moreover, even if Plaintiff had alleged that The Mosaic Company owed a duty to her, she has failed to allege proximate cause between the company's actions and the injuries she has suffered. Plaintiff alleges that "[a]s a direct result of Defendants' operations at the Riverview Complex, toxic phosphogypsum dust, particulates, toxic and hazardous substances, radioactive isotopes, and sulfur dioxide have been repeatedly released into the ambient area surrounding the Progress Village neighborhood, causing Rhonda Williams to develop or otherwise exacerbate serious adverse health effects." (Dkt. 24 at ¶ 100) These adverse health effects form the basis of her damages. However, as conceded by Plaintiff, only Mosaic Fertilizer was responsible for operating the Riverview Complex and releasing pollutants into the air. Plaintiff's claims against The Mosaic Company are based on the company's allegedly deceitful public relations and marketing campaign. For example, Plaintiff does not allege that she would not have developed her health problems or that her symptoms would be lessened if not for the campaign.

Having failed to allege proximate cause between The Mosaic Company's alleged misrepresentations and her injuries, Plaintiff has failed to state a cause of action on her negligence, gross negligence, and strict liability failure to warn claims.

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 37) is **GRANTED**. Counts I, II, and IV of Plaintiff's Second Amended Complaint are **DISMISSED without prejudice** as to The Mosaic Company.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of April 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

3

Copies furnished to:
Counsel of Record
Any Unrepresented Person