# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RHONDA WILLIAMS, a single person,

    Plaintiff,

v.

Case No. 8:14-cv-01748-MSS-TGW

MOSAIC FERTILIZER, LLC, a Delaware
corporation doing business in Florida

    Defendant.

_____/

## MOTION TO EXCLUDE EXPERT WITNESSES FOR
## FAILING TO SATISFY RULE 26 DISCLOSURE OBLIGATIONS
## OR, ALTERNATIVELY, TO COMPEL COMPLIANT DISCLOSURES

Plaintiff's expert disclosures fail to satisfy the express, enumerated requirements of Federal Rules of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C). Among other things, these disclosures either failed to (a) disclose the "basis and reasons" for their opinions, or (b) provide written reports.[1] *See Walter Int'l Prod., Inc. v. Salinas*, 650 F.3d 1402, 1409-12 (11th Cir. 2011). Accordingly, Mosaic moves under Rule 37 to exclude the testimony of Plaintiff's proffered experts, Mink and Ungers, as well as Plaintiff's non-retained experts, all of whom have failed to satisfy the clear disclosure obligations of Rule 26. Alternatively, Mosaic moves to compel Plaintiff to promptly serve Rule 26 compliant expert disclosures.[2]

---

[1] This is not a *Daubert* motion. Plaintiff must first satisfy the requirements of Rule 26 as to their proffered experts by either disclosing opinions or disclosing the "basis and reasons" for their opinions before Mosaic can even begin to scrutinize them.

[2] In the event the Court grants this relief, Mosaic may seek relief from the Court to supplement or amend its expert reports to address additional or changed material in Plaintiff's reports.

## BACKGROUND

On May 1, 2015, Plaintiff served expert disclosures, copies of which are attached as Exhibit A. In her disclosures, Plaintiff lists four retained experts—Dr. Franklin Mink, Leslie Ungers, Dr. F.A. Raffa, and Dr. Paul Deutsch (Ex. A at 1-2), and attaches their reports. The reports of retained experts Dr. Mink and Mr. Ungers are the subject of this motion and are attached, respectively, as Exhibits B and C.

Plaintiff's expert disclosure also includes "non-retained treating physician experts." (Ex. A at 2-5). The "non-retained treating physician experts" include eight of Plaintiff's treating physicians, and Dr. Willie Harris, who is not a treating physician. Instead, he is "a Florida soils mineralogy expert at the University of Florida." (Ex. A at 2-5).

Consistent with Plaintiff's prior failures to comply with Rule 26, which necessitated Mosaic filing a Motion to Compel Proper Rule 26 Disclosures (Doc. 26), which this Court granted (Doc. 32), Plaintiff's expert disclosures also fail to comply with Rule 26.

## MEMORANDUM OF LAW

Rule 26 requires that all retained testifying experts disclose written reports containing, among other things,

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them . . . .

FED. R. CIV. P. 26(a)(2)(B). Proffered, retained testifying experts Mink and Ungers, failed to satisfy these clearly enumerated disclosure obligations. Dr. Mink's report fails to disclose (a) the basis and reasons for his opinions, and (b) the facts or data considered by him in forming his opinions. Mr. Ungers's report fails to disclose the basis and reasons for his opinions.

2

Rule 26 also requires that all non-retained experts disclose "a summary of facts and opinions to which the expert is expected to testify." FED. R. CIV. P. 26(a)(2)(C). Not one of Plaintiff's non-retained experts satisfied this disclosure obligation by providing a summary of facts and opinions to which he is expected to testify. All each expert disclosed are the bare subject matters on which he or she plans to testify.

Additionally, a non-retained treating physician who is proffered to testify regarding causation and prognosis must satisfy the same disclosure requirements as a retained testifying expert under Rule 26(a)(2)(B) by providing a written expert report. *See Blakely v. Safeco Ins. Co. of Ill.*, No. 6:13–cv–796–Orl–37TBS, 2014 WL 1118071, at * 3 (M.D. Fla. Mar. 20, 2014); *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 71 (D.D.C. 2014). Each of Plaintiff's non-retained experts asserts that he or she will testify on Plaintiff's alleged injuries, "which are influenced by and related to her environment" (*e.g.*, Ex. A at 2-2), but not one has met the disclosure obligations necessary to satisfy Rule 26.

Finally, Plaintiff listed Dr. Willie Harris under the category of "non-retained treating physician experts" (Ex. A at 2-4). He is, however, neither a treating physician nor a non-retained expert. Dr. Harris is, instead, a soils mineralogy expert who is not a percipient witness. Consequently, Dr. Harris—even if he is volunteering to testify without being paid— is not a non-retained expert. Accordingly, Dr. Harris was required to satisfy the disclosure obligations of Rule 26(a)(2)(B) by providing a written expert report, which he failed to do.

I. **Mink's and Ungers's Expert Reports Do Not Satisfy Rule 26(a)(2)(B).**

Rule 26 requires a party who intends to rely on an expert witness's testimony to disclose through a signed report, among other information, "a complete statement of all

opinions . . . and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B). In addition to the plain language of the Rule, the Advisory Committee Notes are equally clear:

> Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor.
>
> * * *
>
> The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions.

FED. R. CIV. P. 26 Advisory Committee's note (1993 Amendments).

An expert report must disclose the substance of an expert's opinion so that the opponent will be able to prepare to rebut, cross-examine, and offer competing reports if necessary. *Porto Venezia Condo. Ass'n, Inc. v. WB Ft. Lauderdale, LLC*, No. 11-60665-CIV, 2012 WL 7636003, at * 3 (S.D. Fla. Sept. 19, 2012) (citing *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir.2010)). Compliance with the requirements of Rule 26 is not aspirational; rather, it is necessary "to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (citations omitted); *see also Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998) ("The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.").

A report that merely discloses conclusory opinions does not satisfy the requirements of Rule 26(a)(2)(B). Instead, "expert reports must include 'how' and 'why' the expert reached a particular result." *Salgado*, 150 F.3d at 742 n.6. In fact, "the most critical requirements" of Rule 26(a)(2)(B) are "the basis and reasons for the expert's opinions and the data or other information considered." *U.S. v. GC Quality Lubricants, Inc.*, No. 5:01-cv-323-3, 2002 WL 34376587, at *2 (M.D. Ga. Sept. 27, 2002).

Rule 37(c)(1) specifies that a party who fails, "without substantial justification," to disclose information required by Rule 26(a) "shall not" be permitted to use any witness or information not so disclosed, unless the failure is harmless. "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado*, 150 F.3d at 742 n. 6; *see also, U.S. v. Batchelor–Robjohns*, No. 03-20164-CIV, 2005 WL 1761429, at * 2 (S.D. Fla. June 3, 2005) ("burden rests upon the non-producing party to demonstrate that its actions were substantially justified or harmless").

Courts have not hesitated to exclude experts whose reports fail to sufficiently describe the basis and reasons for the expert's opinions. *See Walter Int'l Prod., Inc.*, 650 F.3d at 1410; *see also GC Quality Lubricants*, 2002 WL 34376587, at * 2 (striking an expert's report and his testimony due to failure to include the basis and reasons for his opinions and the data considered); *Poplin v. Fed. Emergency Mgmt. Agency*, No. 1:02-CV-3292-SSC, 2005 WL 5974474, at *2 (N.D. Ga. July 29, 2005) (striking an expert report that set forth no opinions or the basis and reasons therefore); *Romero v. Drummond Co.*, No. CV-03-BE-0575-W, 2006 WL 5186500, at * 1 (N.D. Ala. Apr. 19, 2006) (party precluded from offering expert at trial

when report recited general subject matter of expected testimony rather than actual opinions and failed to include basis or reasons for purported opinions).

> **A. Mink's report fails to comply with Rule 26 because it is a "preliminary report" and does not offer or describe the basis and reasons for his opinions.**

Dr. Mink, a toxicologist, begins his report by listing his "***preliminary*** expert opinions" that Plaintiff (1) "has been exposed to . . . regulated pollutants and hazardous materials . . . as a result of Mosaic's operations . . . primarily through inhalation and dermal exposures," (2) "has developed significant adverse health effects as a result of these hazardous exposures," and (3) "has developed significant adverse health effects as a result of secondary effects from therapeutic agents used to treat her diseases/symptoms resulting from these exposures." (Ex. B at 2-3) (emphasis added).

Preliminary reports do not satisfy Rule 26. "Expert reports must not be sketchy, vague or ***preliminary*** in nature . . . ." *Dyett v. North Broward Hosp. Dist.*, No. 03-60804-civ, 2004 WL 5320630, * 1 (S.D. Fla. Jan. 21, 2004) (emphasis added). A "preliminary report," does not suffice under Rule 26. *Id.*; *Hallmark Developers, Inc. v. Fulton County, Ga.*, Civil Action No. 1:02–cv–01862–ODE, 2004 WL 5492706, at * 6 (N.D. Ga. Sept.27, 2004) (finding requirements of Rule 26 not met where reports required "further revision and analysis"); *see also Smith v. State Farm Fire and Casualty Co.*, 164 F.R.D. 49, 53 (S.D.W. Va. 1995) ("[a] 'preliminary' report is not contemplated by the Rule [26] . . . .").

Dr. Mink admits that his report is preliminary and is subject to revision. Accordingly, his report does not satisfy Plaintiff's Rule 26 disclosure obligations. *See Hallmark Developers*, 2004 WL 5492706, at * 6 (because a party "admitted that reports previously

provided require further revision and analysis," the Court was "compelled to find that the requirements of Rule 26(a)(2)(b) have not been met.").

Exacerbating this failure, Dr. Mink fails to identify the "how" and "why" he reached each of his opinions. As to his first and second opinions, Mr. Mink lists "phosphoypsum associated contaminants" purportedly "found at elevated levels" in soil and attic samples and states, "[g]iven the toxic nature, dose and exposure of these contaminates by Ms. Williams over a lifetime of exposure has exacerbated her G6PD symptoms *including* hemolytic anemia and associated pulmonary hypertension." (Ex. B at 15.) Dr. Mink, however, never provides the "basis and reasons" for his opinions by identifying, *e.g.*, (a) what alleged constituents, (b) in what dosages (*i.e.*, quantity, concentration, time), (c) through what exposure pathways, (d) caused what alleged diseases. Nor does Dr. Mink provide a method or any underlying facts or data to support any such opinions.[3] He states that he applied the Hill criteria, but a complete set of the criteria are never analyzed or even identified. (Ex. B at 2.)

As to Dr. Mink's third opinion, he explains that he is still reviewing Ms. Williams's "complete list of drug therapies" to determine interactions, and states that several *appear* to complicate her symptoms and underlying disease[s] . . . (*i.e.*, iron, NSAIDS, absorbic acid, sulpha drugs, etc…)." (Ex. B. at 12.) Dr. Mink, however, fails to state whether the

---

[3] For example, Mr. Mink's report fails to disclose any general causation opinions or methods. *See Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1303 (11th Cir. 2014). He fails to disclose any "reliable methodologies, including dose-response relationship, epidemiological evidence, background risk of the disease, physiological processes involved, [or] clinical studies." *Id.* at 1306. Mr. Mink even fails to disclose any "secondary methodologies, including plausible explanations, generalized case reports, hypotheses, [or] animal studies [all of which] are insufficient proof of general causation." *Id.* at 1308. Mr. Mink's report also fails to disclose any specific causation opinions or methods. Mr. Mink's report fails to disclose any differential diagnosis or etiology. *See id.*; *see also Hendrix v. Evenflo Co., Inc.*, 609 F.3d 1183, 1195 (11th Cir. 2010). Mr. Mink also fails to disclose alternative or idiopathic causation, which he is required to address. *Chapman*, 766 F.3d at 1310-11.

7

medications *actually* complicated Ms. Williams's symptoms and underlying diseases, how they complicated her symptoms and underlying diseases, or even what the symptoms and underlying diseases are purported to be.

Dr. Mink's report fails to meet the disclosure requirements of Rule 26. His report discloses, at best, only sketchy, vague, and admittedly "preliminary" opinions. Dr. Mink's report does not, however, disclose the basis and reasons for those preliminary opinions. It does not disclose the substance of his opinions so that Mosaic will be able to prepare to rebut, cross-examine and offer competing reports. Nor is it sufficiently complete so as to shorten or decrease the need for expert depositions.

**B.    Ungers's report fails to comply with Rule 26 because it does not sufficiently describe the basis and reasons for his opinions.**

"[A]n expert opinion must 'set forth facts' and, in doing so, outline a line of reasoning arising from a logical foundation." *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 657 (6th Cir.2005); *see also Am. Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1579-80 (11th Cir. 1985). Mr. Ungers fails to do this in any way. For example, he opines that "[s]urface soils in residential areas" that were purportedly impacted "contain concentrations of toxic substances higher than levels typical of Florida soils . . . ." (Ex. C at 6.) He never discloses the "basis and reasons" for this conclusory opinion, which is expressly required by Rule 26(a)(2)(B).

For example, Mr. Ungers fails to disclose the "'how' and 'why'" surface soils "contain concentrations of toxic substances higher than levels typical of Florida soils." *Salgado*, 150 F.3d at 742 n.6 (7th Cir. 1998). Thus, he fails to meet "the most critical

requirement" of Rule 26(a)(2)(B), which is to disclose "the basis and reasons for [his] opinions."[4] *GC Quality Lubricants*, 2002 WL 34376587, at * 2.

### C. Because Mosaic is harmed by the deficient disclosures, Ungers and Mink should be excluded.

Not requiring Plaintiff to satisfy her Rule 26 disclosure obligations is prejudicial to Mosaic. Doing so unfairly shifts the burden to Mosaic to "first establish how the [expert's] conclusions were reached before it can begin to cross-examine him on his conclusions." *GC Quality Lubricants*, 2002 WL 34376587, at * 2; *see also Salgado*, 150 F.3d at 742 fn. 6. Without the requested relief, Mosaic would be forced to speculate as to methods and reasons for how or why Dr. Mink and Mr. Ungers reached their opinions and whether there is any basis for their opinions. Rule 26 was adopted to avoid this disclosure failure and its consequences. Thus, Mosaic's experts would be burdened with preparing reports that attempt to rebut every possible basis of Plaintiff's experts' amorphous opinions, which are devoid of any "basis and reasons" for the opinions. "Guessing how and why an expert reached his conclusions causes great prejudice." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 245, 261 (D. N.J. 1997) *vacated in part on other grounds*, 179 F.R.D. 450 (D. N.J. 1998).

That Mosaic may take depositions of Plaintiff's proffered experts does not cure Plaintiff's failure to satisfy Rule 26. This Circuit has held that failure to provide a Rule 26

---

[4] Mr. Ungers never discloses any basis and reasons for his opinion. For example, he fails to use appropriate comparisons such as (a) FDEP Soil Target Cleanup Levels (SCTLs), which provide guidance on the protection of human health with exposure to contaminated soils, (b) NIOSH Recommended Exposure Limits (RELs), which are occupational exposure limits, (c) OSHA Permissible Exposure Limits (PELs), which are limits of employee exposure, or (d) TG312 screening levels, which are used for evaluating office worker exposures to contaminants on indoor surfaces (*i.e.*, dust). On the contrary, Mr. Ungers provides no basis or reasons for his opinions as required by Rule 26.

compliant expert disclosure deprives opposing counsel of the right to prepare for an expert deposition, which is harmful:

> The reason for requiring that an expert report be provided before a deposition is taken is so the opposing counsel can use the report to examine the expert at his deposition. As the district court pointed out, it is harmful to deprive opposing counsel of the expert's report before his deposition.

*Walter Int'l Prod., Inc.*, 650 F.3d at 1413.

Accordingly, Mosaic moves the Court exclude the testimony of Dr. Mink and Mr. Ungers for failing to satisfy the disclosure obligations of Rule 26. Alternatively, Mosaic moves to compel Plaintiff to promptly serve Rule 26 compliant expert disclosures.

## II. Plaintiff's Non-Retained Expert Disclosures Also Fail to Comply with Rule 26.

### A. Plaintiff does not provide "a summary of facts and opinions" as to which non-retained experts are expected to testify.[5]

Rule 26(a)(2)(C) requires non-retained experts to provide "a summary of facts and opinions to which the expert is expected to testify." Plaintiff's non-retained physician experts fail to comply with this disclosure requirement. They only disclose the general topics of their proposed testimony. Plaintiff's disclosures for each non-retained expert physician also state that they will testify "concerning" some aspect of Plaintiff's health, "which is influenced by and related to her environment."[6]

---

[5] In a May 15, 2015 e-mail, Plaintiff's counsel agreed to "consider revising the 'summary of facts and opinions' previously provided" (which they have thus far failed to do). We will promptly withdraw the relief requested in this section in the event Plaintiff makes Rule 26 compliant non-retained expert disclosures.

[6] As an example, Plaintiff discloses, "Dr. Robinson, a treating physician, will testify concerning Plaintiff's G6PD and her overall health condition, including her insulin levels. He is anticipated to testify that her G6PD levels and her health are influenced by and related to her environment." (Ex. A at 3)

10

Greenberg Traurig, P.A.

This "subsection of Rule 26 clearly mandates written disclosures of facts and opinions." *Faile v. Dillard's, Inc.*, No. 5:11-CV-41-RS-CJK, 2011 WL 7641239, at * 1 (N.D. Fla. Nov. 4, 2011). Plaintiff, however, fails to "summarize facts and opinions about which any of Plaintiff's health care professional witnesses are expected to testify." *See Blakely*, 2014 WL 1118071, at * 3. Because Plaintiff identifies no facts or opinions to which these experts will testify, Mosaic and its experts are again forced to speculate as to the possible scope and substance of the opinions the proffered experts may offer. Accordingly, these experts should be excluded, or Plaintiff should be compelled to make Rule 26 compliant disclosures. *See Gorrell v. Sneath*, No. 1:12-CV-0554-JLT, 2013 WL 4517902, at * 4 (E.D. Cal. Aug. 26, 2013) (compelling proper disclosures when non-retained expert disclosures consisted only of general topics).

>     B.  **Plaintiff's non-retained experts cannot provide testimony on causation or prognosis without satisfying the same expert disclosures as a retained, testifying expert.**

Plaintiff's non-compliant Rule 26 "disclosures" for the non-retained treating physicians state that that they will testify to Plaintiff's conditions, "which are influenced by and related to her environment." A treating physician, however, must serve a report just like a retained testifying expert if they will offer testimony on causation or prognosis:

> "Many courts . . . have recognized the unfairness of permitting a party to employ a physician who treated an injured party to provide testimony extending beyond simply the care of the plaintiff to classic expert opinion regarding causation and prognosis." *Thomas v. Consol. Rail Corp.*, 169 F.R.D. 1, 2 (D. Mass. 1996); *see also Kobe v. Haley*, No. 3:11-1146, 2013 WL 4067921, at *4 (D.S.C. Aug. 12, 2013) (holding that treating physicians are often properly classified as "hybrid witnesses" and such witnesses must adhere to the requirements of Rule 26(a)(2)(C)); *Nat'l R.R. Passenger Corp. v. Ry. Express, LLC*,

> 268 F.R.D. 211, 216 (D. Md. 2010) ("[A] party may not circumvent the requirements of Rule 26 by employing a witness, like a treating physician who treated an injured party, to provide testimony extending into classic expert opinion regarding causation and prognosis.").

*Daniels*, 15 F. Supp. 3d at 71. It is clear that "if a health care professional is asked to give any additional opinions, beyond those procured directly from treatment, then for those additional opinions to be admissible, Plaintiff must first provide the full written disclosures required by Rule 26(a)(2)(B)." *Blakely*, 2014 WL 1118071, at * 3. Absent full written disclosure, Plaintiff's treating physicians are prohibited from providing testimony on whether her alleged illnesses are "influenced by and related to her environment." Accordingly, Plaintiff's non-retained experts should be excluded, or Plaintiff should be compelled to produce expert reports.

### C. Dr. Harris cannot be a non-retained expert, and should be excluded because he has not satisfied the disclosure obligations under Rule 26.

Rule 26(a)(2)(B) describes when an expert witness "must provide a written report" as being, in pertinent part: "if the witness is one retained or specially employed to provide expert testimony in the case." The standard for being a non-retained expert is not whether an expert is paid to offer his or her testimony. The standard for being a non-retained expert is whether the expert is a percipient witness who testifies to his or her "personal knowledge of the facts or data at issue in the litigation." *Guarantee Trust Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013). A non-retained expert "is part of the ongoing sequence of events," while a retained expert "comes to the case as a stranger." *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011) (permitting designation of a non-testifying expert when the expert did not "hold himself out for hire as a purveyor of

expert testimony" and "formed his opinion . . . based on his personal knowledge and information gleaned in the course of his initial inspection and related efforts to remediate the problem"). Accordingly, while a party's former employees or contractors or treating physicians (albeit, limited as discussed above) may qualify as non-retained experts, someone who "comes to the case as a stranger" may not.

Plaintiff lists Dr. Willie Harris—a stranger to the case—as a non-retained expert and explains, "Dr. Harris, a Florida soils mineralogy expert at the University of Florida, is anticipated to testify concerning the level of trace mineral constituents normally found in the type of soils located in Hillsborough County." (Ex. A at 4-5.) From this description, it is clear that Dr. Harris was not part of the ongoing sequence of events leading up to the litigation, nor does he have personal knowledge of the facts or data at issue in the litigation. Rather, Dr. Harris is expected to testify on background minerals in soils, which is his advertised area of expertise—not something he learned or observed through his interactions with Plaintiff. Therefore, he is not a percipient witness and cannot qualify as a non-retained expert.

Dr. Harris cannot be called a non-retained expert to avoid satisfying the disclosure obligations of Rule 26(a)(2)(B). Instead, he is a retained expert who was required to produce an expert report just as any retained testifying expert under Rule 26. Because he did not do so by the Court's deadline, Dr. Harris should be excluded. Otherwise, Mosaic is harmed by Plaintiff's failure to satisfy the Rule 26 disclosure obligations.

Accordingly, Mosaic moves the Court to exclude the testimony of Dr. Harris for failing to satisfy the disclosure obligations of Rule 26.

## CONCLUSION

Mosaic respectfully moves this Court to enter an Order (1) excluding experts Mink and Ungers as well as Plaintiff's non-retained experts for failing to satisfy the express, enumerated requirements of Rule 26, or (2) compelling Plaintiff to promptly make disclosures that comply with the requirements of Rule 26. Mosaic also requests this Court to order Plaintiff to pay Mosaic's reasonable expenses, including attorneys' fees, incurred in making this motion. *See* FED. R. CIV. P. 37(a)(5)(A); Middle District Discovery (2001) at 3.

## REQUEST FOR ORAL ARGUMENT

Mosaic requests oral argument on this motion, which it estimates will require approximately 30 minutes.

## CERTIFICATE OF LOCAL RULE 3.01(g) CONFERENCE

The undersigned certifies that (a) on May 6, 2015, Mosaic's counsel addressed these issues in a letter to Plaintiff's counsel; (b) on May 12 the Parties met and conferred in person to discuss these issues, among others; and (c) on May 13 Mosaic's counsel provided Plaintiff's counsel with the substance this motion in a letter in a further effort to resolve these issues. On May 15, Plaintiff's counsel agreed to "consider" partially amending her non-retained expert disclosures (which she has not done) and opposed all other relief sought by this motion.

Date: May 21, 2015

/s/ Christopher Torres
David B. Weinstein (FBN 604410)
weinsteind@gtlaw.com
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Chelsae R. Johansen (FBN 0106029)
johansenc@gtlaw.com
**GREENBERG TRAURIG, P.A.**

625 East Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

## **CERTIFICATE OF SERVICE**

I certify that on May 21, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Christopher Torres
Attorney