**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RHONDA WILLIAMS, a single person,

     Plaintiff,

                                     Case No. 8:14-cv-1748-T-35TGW

v.

MOSAIC FERTILIZER, LLC, a Delaware
corporation doing business in Florida, and
THE MOSAIC COMPANY, a Delaware
corporation

     Defendant

_____/

**MOSAIC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO SECOND AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Defendant, Mosaic Fertilizer, LLC ("Mosaic"), answers Plaintiff's Second Amended

Complaint ("Complaint"), and as to each correspondingly numbered paragraph states as

follows:

     1.      Without knowledge.

     2.      Mosaic admits that Plaintiff is a citizen of Florida and that her home is more

than three miles from the Riverview plant.  Mosaic also admits that it operates the Riverview

plant, which produces Diammonium Phosphate, Monoammonium Phosphate,

MicroEssentials, Fluorosilicic Acid, feed ingredients, and electrical power.  Otherwise

denied.

     3.      Admitted.

4.      Mosaic admits only that The Mosaic Company was formed as described in the September 24, 2004 Form S-4 Registration Statement filed with the Securities and Exchange Commission.   Mosaic also admits that it is a wholly-owned subsidiary of The Mosaic Company.  Otherwise denied.

5.      Mosaic admits that Cargill, Incorporated acquired 80% of the stock of Gardinier, Inc. under an Amended Stock Sale and Purchase Agreement dated November 25, 1985, and that Cargill subsequently operated the Riverview plant until around the time of the business combination that resulted in the formation of The Mosaic Company in 2004. Otherwise denied.

6.      Mosaic admits that it is a wholly-owned subsidiary of The Mosaic Company and that it operates and controls the Riverview facility.  Otherwise denied.

7.      Mosaic admits that its Riverview plant is located in Exhibit A quadrant 30-19-22, and that the phosphogypsum stacks are located in Exhibit A quadrants 30-19-15, 30-19-14, and 30-19-11.  Otherwise denied.

8.      Mosaic admits that Plaintiff is citizen of Florida, Mosaic maintains offices in Hillsborough County, and this action was removed to this Court.   Otherwise denied, including that Plaintiff has been harmed.

9.      Denied.

10.    Denied.

11.    Mosaic admits that its Riverview facility is involved in the production of fertilizer, sulfuric acid, electrical power, phosphoric acid, and fluoridation ingredients.

2

Mosaic admits that its finished products include Diammonium Phosphate, Monoammonium Phosphate, MicroEssentials, Fluorosilicic Acid, and feed ingredients.  Otherwise denied.

12.     Admitted.

13.     Mosaic admits that phosphate rock is a natural resource that it mines in Florida and processes into phosphoric acid and other products at its Riverview facility and others in accordance with federal, state, and local permits, laws, and oversight.  Otherwise denied.

14.     Mosaic admits that phosphate rock is reacted with sulfuric acid to create the phosphoric acid needed to make fertilizer.  Mosaic also admits that this process produces a by-product, calcium sulfate, which is also referred to as phosphogypsum, and that approximately five tons of phosphogypsum are produced for every ton of phosphoric acid product produced.  Otherwise denied.

15.     Mosaic admits that phosphogypsum is stored and managed pursuant to a regulated and permitted process.  Otherwise denied.

16.     Mosaic admits that its Riverview facility currently includes one closed phosphogypsum stack and one operating phosphogypsum stack.  Otherwise denied.

17.     Admitted.

18.     Mosaic admits that the phosphogypsum stack is shown in quadrant 30-19-15 of Exhibit A and is more than two and one-half miles from Plaintiff's home.  Mosaic is without knowledge as to the exact year when the first phosphogypsum stack was constructed. Otherwise denied.

19.     Mosaic admits that Gardinier received permits to construct a second phosphogypsum stack.  Otherwise without knowledge.

20.     Mosaic admits that the phosphogypsum stack is shown in quadrant 30-19-11 of Exhibit A and is more than one mile from Plaintiff's home.  Mosaic also admits that the second stack commenced operation in or around 1989 or 1990, and that an expansion of that stack was permitted in 2000.  Otherwise denied.

21.     Mosaic admits that Plaintiff's home is more than three and one-half miles from the East Bay monitoring station, more than three miles from the Riverview plant, more than two and one-half miles from the first phosphogypsum stack, and more than one mile from the second phosphogypsum stack.  Otherwise denied.

22.     Without knowledge.

23.     Without knowledge.

24.     Mosaic admits that The Mosaic Company Foundation donates $25,000 a year to Progress Village Foundation, Inc., for educational support.  Otherwise without knowledge.

25.     Mosaic admits that the Progress Village Foundation was formed in 1986 and that The Mosaic Company Foundation donates $25,000 a year to Progress Village Foundation, Inc., for educational support.  Otherwise denied.

26.     Mosaic admits that The Mosaic Company Foundation donates $25,000 a year to Progress Village Foundation, Inc., for educational support.  Otherwise denied.

27.     Mosaic admits that Robert Baker was a human resources representative from Mosaic who was on the Progress Village Foundation Board.  Otherwise denied.

28.     Without knowledge.

4

29.     Mosaic admits that in 2000, Cargill, Incorporated created the original Progress Village Community Garden and supplied irrigation for the garden, which was requested by the Progress Village community representatives as a "Net Ecosystem Benefit."  Mosaic also admits that the Progress Village community tends to the garden and that Mosaic continues to donate to the garden when requested.  Otherwise denied.

30.     Mosaic admits that Larry Simpson, former Riverview plant manager, attended the ten-year anniversary of the Progress Village Community Garden with other Mosaic employees, as did Commissioner Les Miller from the Hillsborough County Board of County Commissioners.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Mosaic admits that, as described in 75 Fed. Reg. 35,520 (June 22, 2010), the Environmental Protection Agency established a new 1-hour $SO_2$ standard at a level of 75 parts per billion (ppb), based on the 3-year average of the annual 99th percentile of 1-hour daily maximum concentrations, and revoked the then existing 24-hour and annual primary $SO_2$ standards.  Otherwise denied.

Greenberg Traurig, P.A.

40.     Denied.

41.     Mosaic admits that the TSD speaks for itself, the East Bay monitor is southeast of the Riverview plant and more than three and one-half miles from Plaintiff's home, and the AERMOD modeling results referenced in the TSD show that Plaintiff's home is approximately one-half mile outside the modeled nonattainment boundaries.   Otherwise denied.

42.     Denied.

43.     Mosaic admits that the EPA's air quality monitoring data for air quality station L057-0109 shows no exceedances of the 24-hour $SO_2$ standard in 2008, 2009, 2010, 2011, 2012, or 2013.  Otherwise denied.

44.     Mosaic admits that the Reports speak for themselves.  Otherwise denied.

45.     Mosaic admits that the EPC monitors various constituents.  Otherwise denied.

46.     Mosaic admits that the Reports speak for themselves and Hillsborough County's nonattainment status for the new sulfur dioxide National Ambient Air Quality Standard was designated on October 4, 2013.  78 Fed. Reg. 47,191 (Aug. 5, 2013).  Also admitted that the Clean Air Act provides five years to address nonattainment status, *i.e.*, until 2018.  Otherwise denied.

47.     Denied.

48.     Without knowledge.

49.     Without knowledge.

50.     Denied.

51.     Denied.

Greenberg Traurig, P.A.

52.     Denied.

53.     Without knowledge.

54.     Denied.

55.     Denied.

56.     Admitted.

57.     Mosaic admits that it has submitted required emissions monitoring reports to the FDEP identifying $SO_2$ emissions from the Riverview plant, which reports speak for themselves.  Otherwise denied.

58.     Denied.

59.     Denied

60.     Denied.

61.     Without knowledge.

62.     Mosaic admits that the Report speaks for itself.  Otherwise denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

Greenberg Traurig, P.A.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Without knowledge.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Without knowledge.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Without knowledge.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

Greenberg Traurig, P.A.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Mosaic admits that The Mosaic Company was honored by Corporate Responsibility Magazine as one of the 100 Best Corporate Citizens 2014, and was honored by The Ethisphere® Institute as among the World's Most Ethical Companies in 2012 and 2013.  Otherwise denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

<u>Count I – Negligence</u>

104.    Admitted that Plaintiff realleges her allegations.  Otherwise denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

Greenberg Traurig, P.A.

Count II – Gross Negligence

112.    Admitted that Plaintiff realleges her allegations.  Otherwise denied.

113.    Denied.

114.    Denied.

115.    Denied.

[116].  Denied

117.    Denied.

118.    Denied.

119.    Denied.

Count III – Strict Liability – Abnormally Dangerous
and/or Ultra-hazardous Activity

120.    Admitted that Plaintiff realleges her allegations.  Otherwise denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

Count IV – Strict Liability – Failure to Warn

128.    Admitted that Plaintiff realleges her allegations.  Otherwise denied.

129.    Mosaic admits only that it monitors and maintains data as required by regulation or permitting obligations.  Otherwise denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

Count V – Strict Liability for Violation of
Prohibited Act Per Section 376.302, Florida Statutes

136.    Admitted that Plaintiff realleges her allegations.  Otherwise denied.

137.    Denied.

138.    Mosaic admits that statutes speak for themselves.  Otherwise denied.

[138.]  Denied

139.    Denied.

140.    Denied.

Count VI – Medical Monitoring and
Environmental Testing

141.    Admitted that Plaintiff realleges her allegations.  Otherwise denied.

142.    Denied.

143.    Denied.

144.    Without knowledge.

145.    Without knowledge.

146.    Denied.

11

<u>Damages</u>

147.   Denied.

      a.     Denied

      b.     Denied.

      c.     Denied.

      d.     Denied.

      e.     Denied.

      f.     Denied.

148.   Denied.

<u>Prayer for Relief</u>

149.   Without knowledge.

**GENERAL DENIAL**

150.   Mosaic denies all allegations not specifically admitted, above.

**AFFIRMATIVE DEFENSES**

**<u>First Affirmative Defense</u>**
(Failure to State Causes of Action)

151.   Plaintiff fails to state causes of action against Mosaic based on, among other things, the following deficiencies: (a) failure to state all elements of her causes of action; (b) the assertion of causes of action so vague or ambiguous regarding, among other things, the nature of any alleged acts, omissions, and injuries that Mosaic cannot reasonably frame a response; and (c) the omission of required facts as to her purported causes of action.

12

**Second Affirmative Defense**
(Failure to State a Cause of Action for Negligence)

152.    Plaintiff fails to state a cause of action for negligence against Mosaic based on, among other things, Plaintiff's failure to plead facts establishing that Mosaic's acts or omissions evidenced failure to exercise reasonable care in the conduct of its operations.

**Third Affirmative Defense**
(Failure to State a Cause of Action for Gross Negligence)

153.    Plaintiff fails to state a cause of action for gross negligence against Mosaic based on, among other things, Plaintiff's failure to plead facts establishing that Mosaic's acts or omissions evidenced a conscious disregard of consequences that is more than simple carelessness.

**Fourth Affirmative Defense**
(Failure to State a Cause of Action for
Strict Liability for Ultrahazardous Activity)

154.    Plaintiff fails to state a cause of action for strict liability for ultrahazardous activity against Mosaic based on, among other things, Plaintiff's failure to allege sufficient ultimate facts to establish that the purported wrongful conduct of Mosaic is an ultrahazardous activity.

**Fifth Affirmative Defense**
(Failure to State a Cause of Action
for Strict Liability Failure to Warn)

155.    Plaintiff fails to state a cause of action for strict liability failure to warn against Mosaic based on, among other things, Plaintiff's failure to plead facts establishing that Mosaic is a manufacturer or distributor of a product that allegedly harmed Plaintiff.

13

Moreover, Plaintiff cannot state a cause of action for strict liability failure to warn where the alleged harm was not caused by a product.

### Sixth Affirmative Defense
(Failure to State a Cause of Action under 376.313, Florida Statutes,
and Statutory Defenses)

156.    Plaintiff's cause of action under Section 376.313, Florida Statutes, fails because, among other things, the statutory defenses described in Section 376.308, Florida Statutes apply, and because Section 376.313 does not permit for the recovery of damages for personal injury.

### Seventh Affirmative Defense
(Failure to State a Cause of Action for Medical Monitoring)

157.    Plaintiff fails to state a cause of action for medical monitoring because, among other things, medical monitoring is not available to those who have sustained a physical injury for which the monitoring is being sought.   Plaintiff also fails to plead medical monitoring in accordance with Florida law.

### Eighth Affirmative Defense
(Statutes of Limitations)

158.    Plaintiff's causes of actions are barred, in whole or in part, by the applicable statutes of limitation.

### Ninth Affirmative Defense
(Laches)

159.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

14

**Tenth Affirmative Defense**
(Third Party Defense)

160.    The damages alleged in Plaintiff's Complaint were caused solely by the act or omission of a third party other than an officer, director, employee, or agent of Mosaic, over whom Mosaic had no control.

**Eleventh Affirmative Defense**
(Intervening/Superseding Cause)

161.    Plaintiff's causes of action fail because, among other things, any alleged harm or damages purportedly incurred by Plaintiff or contamination of Plaintiff's property were caused by intervening and/or superseding causes outside of Mosaic's control.

**Twelfth Affirmative Defense**
(Apportionment of Damages)

162.    The harm or damages alleged in Plaintiff's Complaint were caused, in whole or in part, by persons or entities other than Mosaic, and should be apportioned accordingly.

**Thirteenth Affirmative Defense**
(Collateral Source)

163.    Plaintiff's recovery for damages, if any, should be reduced by any payments by collateral sources in accordance with Section 768.76, Florida Statutes.

**Fourteenth Affirmative Defense**
(Comparative Negligence)

164.    Plaintiff's causes of action are governed by Section 768.81, Florida Statutes. Plaintiff's negligence contributed to her alleged injuries such that her recovery must be reduced by the percentage of fault attributable to them.

15

### Fifteenth Affirmative Defense
(Lack of Duty of Care)

165.    Plaintiff's causes of action fail because Mosaic owed no duty of care to the Plaintiff.

### Sixteenth Affirmative Defense
(Lack of Proximate Cause)

166.    Plaintiff's causes of action fail because Mosaic did not proximately cause any injuries or other damages allegedly suffered by Plaintiff.

### Seventeenth Affirmative Defense
(Proportionate Liability)

167.    To the extent Plaintiff sustained any damages as a result of her causes of action based on negligence, those damages must be apportioned among any defendants, whose acts and omissions are divisible and distinct.   Thus, Mosaic's liability, if any, is limited to its percentage of responsibility for Plaintiff's actual and proved damages.

### Eighteenth Affirmative Defense
(Setoff)

168.    To the extent Plaintiff is entitled to recover any sums against Mosaic, Mosaic is entitled to a set off for any reimbursements and payments received by Plaintiff from any other sources.

### Nineteenth Affirmative Defense
(Contribution)

169.    Mosaic is entitled to the benefits of Section 768.31, Florida Statutes, in regard to contribution among tortfeasors.

**Twentieth Affirmative Defense**
(Speculative, Remote, or Uncertain Damages)

170.    Plaintiff's causes of action fail, in whole or in part, because the alleged damages, if any, are too speculative, remote, uncertain, and conjectural, and because of the impossibility of the proof and allocation of these alleged damages.

**Twenty-First Affirmative Defense**
(No Harm)

171.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered and cannot suffer harm as a result of any action taken by Mosaic.

**Twenty-Second Affirmative Defense**
(No Damages)

172.    Plaintiff has not suffered an actual loss as a result of any conduct of Mosaic.

**Twenty-Third Affirmative Defense**
(Unconstitutionality of Damages)

173.    Plaintiff is barred from recovering any damages that are unconstitutional under the U.S. or Florida Constitutions.

**Twenty-Fourth Affirmative Defense**
(Fabre Defense)

174.    To the extent Plaintiff sustained any cognizable damages for which she seeks recovery, those damages were caused in whole or in part by persons or entities other than Mosaic who are not parties to this lawsuit—particularly Tampa Electric Company, which has emitted large amounts of sulfur dioxide and has incurred sanctions for regulatory violations during the time period relevant to Plaintiff's claims.  Thus, Mosaic's liability, if any, is limited to its percentage of responsibility for Plaintiff's damages, regardless of whether or not other contributing persons or entities are named as co-defendants.

17

**Twenty-Fifth Affirmative Defense**
(Lack of Duty to Warn)

175.   Plaintiff's causes of action fail because Mosaic owed no duty to warn to Plaintiffs.

**Twenty-Sixth Affirmative Defense**
(Waiver)

176.   Plaintiff's causes of action are barred, in whole or in part, by the doctrine of waiver.

**Twenty-Seventh Affirmative Defense**
(Unclean Hands)

177.   Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

**Twenty-Eighth Affirmative Defense**
(Estoppel)

178.   Plaintiff's causes of action are barred, in whole or in part, by the doctrine of estoppel.

**Twenty-Ninth Affirmative Defense**
(Equitable Estoppel)

179.   Plaintiff's claims are barred, in whole or in part, under the doctrine of equitable estoppel.

**Thirtieth Affirmative Defense**
(Compliance)

180.   Mosaic acted in compliance with applicable laws, statutes, ordinances, regulations, resolutions, and standards based upon the existing state of knowledge and its compliance precludes some or all of the recovery sought by Plaintiff.

18

**Thirty-First Affirmative Defense**
(Ratification of Actions)

181.    The causes of action set forth in the Complaint fail because federal, state, and/or local governments and agencies have mandated, directed, approved, and/or ratified the alleged actions or omissions of Mosaic.

**Thirty-Second Affirmative Defense**
(Good Faith and Lack of Malice)

182.    Plaintiff's causes of action fail because Mosaic has at all times acted in good faith and without malice toward Plaintiff and in accordance with applicable law.

**Thirty-Third Affirmative Defense**
(Lack of Capacity)

183.    Plaintiff is or may not be the real party in interest and/or lack capacity to bring some or all of the causes of action alleged in the Complaint.

**Thirty-Fourth Affirmative Defense**
(Statute of Repose)

184.    Plaintiff's causes of action, in whole or in part, are barred by the applicable statute of repose.

**Thirty-Fifth Affirmative Defense**
(Failure to Mitigate)

185.    Plaintiff's recovery for her causes of action are barred, or must be reduced, in whole or in part, based on Plaintiff's failure to mitigate, minimize, or avoid the purported damages alleged.

**Thirty-Sixth Affirmative Defense**
(Primary Jurisdiction)

186.    The relief sought by the Plaintiff is within the particular expertise of, and is being addressed by, federal, state, and local governments and their agencies.  This Court

Greenberg Traurig, P.A.

should abstain and defer to the jurisdiction of public agencies, including, but not limited to, the U.S. Environmental Protection Agency and the Florida Department of Environmental Protection.

### Thirty-Seventh Affirmative Defense
(State of the Art)

187.    Plaintiff's claims are barred by the state-of-the-art doctrine.

### Thirty-Eighth Affirmative Defense
(Economic Waste Doctrine)

188.    Plaintiff's recovery for any purported property damages are limited by the economic waste doctrine.

### Thirty-Ninth Affirmative Defense
(Consent)

189.    Plaintiff's tort causes of action fail because, among other things, Plaintiff consented to the conduct forming the basis of her claims.

### Fortieth Affirmative Defense
(Reservation of Rights)

190.    Mosaic reserves the right to amend its answer and affirmative defenses to conform both to any facts that may be uncovered in discovery or otherwise.

Date: December 1, 2015

/s/ Christopher Torres
David B. Weinstein (FBN 604410)
weinsteind@gtlaw.com
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Ryan T. Hopper (FBN 0107347)
hopperr@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Suite 1900
Tampa, Florida 33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900

## CERTIFICATE OF SERVICE

I certify that on December 1, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Christopher Torres
Attorney