## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RHONDA WILLIAMS, a single person,
          Plaintiff,

v.

MOSAIC FERTILIZER, LLC, a Delaware          Case No. 8:14-cv-1748-T-35TGW
Corporation doing business in Florida
          Defendant.
_____/

### Plaintiff's Response to Mosaic Fertilizer, LLC's Motion to Exclude Untimely Expert and Damages and Disclosures (Doc. 162)

Plaintiff, Ms. Williams, opposes Defendant, Mosaic Fertilizer, LLC's ("Mosaic" or "Defendant") Motion to Exclude Untimely Expert and Damages and Disclosures ("Motion"), as frivolous, improper and unsupported by the law and states as follows:

On October 31, 2016, Plaintiff, in an abundance of caution, complied with Rule 26(e), F.R.Civ.P., and updated her Rule 26(a)(1) disclosures to identify Carolyn Myrback, of CMG Appraisals, as someone who may have knowledge of the facts at issue.   However, as discussed with counsel for Mosaic, in a meet and confer on Friday, November 3, 2016, Plaintiff had no intention of calling or using Ms. Myrback as a witness - lay, expert or otherwise -  thus, rendering Mosaic's Motion and argument of untimely expert disclosure arising under Rules 26(a) and 37(c), F.R.Civ.P., entirely _moot._   Mosaic fails to mention this key point in its meet and confer paragraph at page 9 of its Motion.

The law of the State of Florida and the Eleventh Circuit, including the binding precedent of the Fifth Circuit, is that a plaintiff/property owner is competent to testify

regarding the value of his/her property, including the diminution thereof; and expert

testimony on this point is unnecessary.[1]  Thus, Ms. Williams is fully qualified to testify to her

property damages.  Consequently, counsel for Ms. Williams advised that Ms. Williams

would not call Ms. Myrback as an appraisal witness.   Nevertheless, Mosaic filed its Motion;

and the entirety of Mosaic's "Argument" is focused on the moot argument of failure to

timely disclose an expert witness.  See Motion at pp. 5 – 9.

## I.     The Law on Property Damage Evidence

Mosaic does not argue, nor could it, that Ms. Williams was required to provide an

expert disclosure as to her lay opinion testimony.   "[C]ases binding on this court have held

that 'an owner of property is competent to testify regarding its value…' even if such

testimony is 'self-serving and unsupported by other evidence.'" See *Neff v. Kehoe,* 708 F.2d

639, 644 (11th Cir. 1983).[2] To that point, the *LaCombe* court found that the trial court erred in

refusing to allow the plaintiff to testify to property damage on the basis of the depreciation

schedules, even though the plaintiff may have been relying to some extent on hearsay.[3]  The

binding opinions of the Eleventh Circuit are consistent with Florida law, that property owner

is "generally qualified to testify as to the fair market value of his property."  See *State v.*

---

[1] See *Neff v. Kehoe,* 708 F.2d 639, 644 (11th Cir. 1983); *LaCombe v. A-T-O,* 679 F.2d 431, 433-435 (11th Cir. 1982), and cases cited therein; and *State v. Hawthorne,* 573 So. 2d 330, 333 n.6 (Fla. 1991).  See also See also *Fischer v. Ciba Specialty Chems. Corp.,* 2007 U.S. Dist. LEXIS 76174, 13-38 (S.D. Ala. 2007), and cases cited therein.

[2] Citing *Dietz v. Consolidated Oil & Gas,* 643 F.2d 1088, 1094 (5th Cir), *cert. denied,* 454 U.S. 968, 102 S. ct. 513, 70 L. ed., 2d 385 (1981); *Kestenbaum v. Falstaff Brewing Corp.,* 514 F. 2d 690, 698 (5th Cir. 1978), *cert. denied.* 424 U.S. 943, 96 S. Ct. 1412, 47 L. Ed. 349.  Accord *Justice v. Penzoil Co.,* 598 F. 2d 1339, 1344 (4th Cir), *cert. denied* 444 U.S. 967, 100 s. Ct. 457, 62 L. ed. 2d 380 (1979); and *J & H Auto trim v. Bellefonte Insurance Co.,* 677 F. 2d 1368, 1369 (11th Cir. 1982).

[3] See *LaCombe v. A-T-O,* 679 F.2d 431, 433-435 (11th Cir. 1982)(relying in part on pre-1982 law that is binding per *Bonner v.* Prichard 661 F. 2d 1206 (11th Cir. 1981).

*Hawthorne,* 573 So. 2d 330, 333 n.6 (Fla. 1991).  Moreover, Ms. Williams' testimony

concerning property value and damages is unquestionably admissible lay opinion evidence

under Rule 701, of the Federal Rules of Evidence, thus rendering the expert disclosure

requirements wholly inapplicable to her.[4]

## II.    Amended Damages Disclosure

As noted above, it has always been Ms. Williams' intent to testify concerning her

property damage; and she has disclosed that theory of damage since the beginning of the

case.  Ms. Williams, in her October 30, 2014, Initial Rule 26 Disclosures, disclosed that she

believed her <u>loss</u> in property value was in the range of "$100,000 to $150,000.[5]"  Mosaic,

dissatisfied with Ms. Williams' disclosure of what she believed her property loss was,

requested a "computation of each category of damages,"[6] and so at Mosaic's behest, Ms.

Williams' provided Amended Disclosures on November 24, 2014.  Specifically, as to

property damages, Ms. Williams stated:

> • Plaintiff's home and surrounding community is
> contaminated by hazardous and toxic emissions which have
> a direct footprint to Mosaic Fertilizer.  Plaintiff has not
> attempted to sell her home, which she owns outright, as any
> attempt to sale would require a disclosure of the toxins,
> rendering her home valueless as it cannot be remedied
> because her home remains subject to the continuous
> exposure of toxic emissions from Mosaic Fertilizer.

---

[4] See *Neff* at 643-644.  See also *Fischer v. Ciba Specialty Chems. Corp.,* 2007 U.S. Dist. LEXIS76174, 13-38 (S.D. Ala. 2007)(Holding that under both the Federal Rules and state law, the plaintiffs' affidavits concerning the respective value of their properties, both prior to and after the contamination contained admissible lay evidence).

[5] See Initial Disclosures attached as Exhibit A.

[6] See Mosaic's Motion to Compel Proper Rule 26 Disclosures at p. 1, (Doc. 26).

- The Property Appraiser for Hillsborough County, appraised the market value of her home at $39,562 as of January 1, 2014.

Thus, Ms. Williams, provided Mosaic exactly what it asked for, the one publicly available computation, in contrast to Ms. Williams' lay opinion as to the value of her property and the respective loss.[7]  Moreover, at her deposition, Mosaic had the opportunity to ask and did ask Ms. Williams what she thought her property was worth "today," (as opposed to the amount of loss); and based upon her lay opinion, Ms. Williams testified "not much.[8]"

Due to the passage of time since Ms. Williams' deposition and the close of discovery leading up to trial, Ms. Williams chose to update her property damage disclosure to again state her lay opinion based upon up to date publicly available information.   That information includes the Hillsborough County Property Appraiser's increase of Ms. Williams' market value to $49,896, and several property sales that have occurred in Ms. Williams' immediate neighborhood.  Accordingly, Ms. Williams amended her disclosures to state in relevant part:

> "Based upon… other comparable sales that have occurred in the
> Progress Village and surrounding community, the fair market
> value of Ms. Williams' residence prior to disclosure of the
> pollutive discharge, *e.g.,* absent the pollutive discharge, is no less
> than $90,000.  The Hillsborough County Property Appraiser's
> Market Value for 2015 was $49,896.  The stigma damages result in
> making Ms. Williams' property valueless"

---

[7] Mosaic filed a Motion to Compel, (Doc.26).  At hearing on January 22, 2015 the Court heard argument as it concerned Plaintiff's disclosures. Counsel for Mosaic did not raise the issue of the property damages disclosure with any specificity.  In ruling, Magistrate Judge Wilson noted that "I recognize that the number you give them isn't your final number so you're not going to be held to that number."  See Hearing Trans. (Doc. 31) attached as Exhibit C.

[8] See Williams' Dep. Trans. at p.56, Lines 9-14, attached as Exhibit B

In essence, Ms. Williams is again providing Mosaic the same information concerning her lay opinion, which she provided in her Initial Disclosures, but updated based upon newly available information, *e.g.*, recent home sales and other publicly available information.  In fact, since her Second Amended Disclosure, Ms. Williams has learned of at least one more sale on her block that occurred in November 2016, and one sale that occurred a block over in October 2016.[9]  All of this information informs Ms. Williams' mental impression and lay opinion as to the value of her property.

Importantly, Ms. Williams submits that according to Mosaic's motion history and past position, Ms. Williams was not even obligated to disclose – or Mosaic had no interest in - her lay opinion concerning her property loss.  For these reasons and as articulated below, Ms. Williams contends that she has complied with Rules 26 and 37 of the Federal Rules of Civil Procedure as it concerns her property damage.

### III.   Ms. Williams' Property Damage Disclosure is in Compliance with Rules 26 and 37, F.R.Civ.P.

Ms. Williams submits that she is in full compliance with Rules 26 and 37, F.R.Civ.P. First, as a lay opinion, Ms. Williams was under no obligation to provide an expert disclosure of her lay opinion.[10]  More importantly, Ms. Williams' contends that she did not "fail to disclose," but nonetheless, in the alternative, argues that the alleged "failure to disclose" was

---

[9] Both parties disclosed recent sales data, publicly available, as part of pre-trial exchange on December 5, 2016.

[10] See *Neff* at 643-644.

substantially justified <u>or</u> harmless.[11]   Courts look to several factors in determining whether

the failure to disclose was substantially justified <u>or</u> harmless, including the non-disclosing

party's explanation, the importance of the information, and any prejudice to the opposing

party.[12]   As noted above, Ms. Williams re-stated her lay opinion, an opinion that Mosaic

previously was not interested in, based on newly available information.   Importantly, Ms.

Williams was not and is not trying to hide the ball concerning her lay opinion, as the

information is publicly available.   To that end, it begs the question on how Mosaic is

prejudiced.   This is not a case like *Mee Industries v. Dow Chemical Co.,* 608 F.3d 1202,

1221-1222 (11th Cir. 2010), where the plaintiff failed to disclose <u>a category of damages</u>.[13]

To the contrary, Ms. Williams has been asserting the theory of property damages since her

initial disclosures in October of 2014.

Moreover, approximately fourteen (14) months have passed since the close of

discovery, and another month may pass before trial is held in this case.   Accordingly, it

should be to no surprise to Mosaic that additional homes have sold in the Progress Village

neighborhood, or that additional sales may yet occur.   To preclude Ms. Williams from

offering her lay opinion based on her understanding of recent sales in her neighborhood

would result in substantial prejudice to her, not Mosaic.

---

[11] Ms. Williams notified Mosaic on November 3, 2016, that she has no intention of calling Ms. Myrback to testify concerning her appraisal, an appraisal that is now four months old and not inclusive of the most recent sales in Ms. Williams neighborhood.

[12] See *Lips v. City of Hollywood,* 350 Fed. Appx. 328, 340-341 (11th Cir. 2009).

[13] Contrast *Mee Industries v. Dow Chemical Company,* 608 F.3d 1202, 1221-1222 (11th Cir. 2010)(Where the Court held that the District Court did not err in excluding evidence at trial regarding an entirely new proposed theory of damages, e.g., goodwill damages, that was never previously disclosed).

Last, Ms. Williams does not believe the circumstances here warrant the re-opening of discovery.  Rather, the proper remedy is a cross-exam of Ms. Williams concerning her lay opinion at trial.[14] Nonetheless, she submits that if necessary, any perceived prejudice to Mosaic can be readily alleviated by re-opening discovery for the limited purpose of allowing discovery on the supplemental damages disclosure of her lay opinion.[15]

In sum, Ms. Williams submits that Mosaic's Motion is frivolous and moot.  Counsel for Ms. Williams advised counsel for Mosaic on the morning of November 3, 2016, that the Plaintiff had no intention of calling and would not be calling the property appraiser to testify concerning her appraisal.  Thus, Mosaic's "Argument" at pages 5 – 9 of its Motion is moot and without merit.  Moreover, to the extent Mosaic objects to Ms. Williams' property loss damages, Ms. Williams submits that i.) it is not a new category or theory of damages; ii.) Ms. Williams did not hide the ball, but rather disclosed her lay opinion as early as October 2014; iii.) that Ms. Williams' updated lay opinion is harmless or substantially justified based upon new sales data and the significant lapse in time since the close of discovery; and iv.) Mosaic has suffered no cognizable prejudice, or, alternatively, has suffered no cognizable prejudice that cannot be readily alleviated.

WHEREFORE, Ms. Williams requests an Order denying Mosaic's Motion, including its request for fees and costs, and such further relief this Court deems just and appropriate.

Dated December 7, 2016.

---

[14] See *Neff v. Kehoe,* at 644.
[15] See *Collins v. U.S.,* 2010 WL 4643279, 5-6 (M.D. Fla. Nov. 9, 2010) (Re-opening discovery for limited purpose); and *Lincoln Rock LLC, v. City f Tampa,* 2016 U.S. Dist. LEXIS 146091, p. 41-42 (M.D. Fla. October 21, 2016) (Finding the re-opening discovery for the limited purpose was warranted).

_____/s/__Laureen Galeoto___          Mary Ellen Hogan
*Laureen Galeoto*                        FBN 0065372
Laureen Galeoto, Trial Counsel           The Green Counselor, PLLC
FBN 0194107                              100 S. Ashley Drive, Ste. 600
Law Office of Laureen Galeoto, PLLC      Tampa, FL  33602
100 S. Ashley Drive, Ste. 600            P. 813.964.6515
Tampa, FL  33602                         Maryellen@thegreencounselor.com
P. 813.397.3800
Laureen@laureenlaw.com


William P. Walker, Jr.
Walker Morgan, LLC
135 E. Main Street
Lexington, SC  29072
P. 803.359.6194
bw@walkermorgan.com


## CERTIFICATE OF SERVICE

The undersigned certifies that on December 7, 2016, that the Plaintiff's Response to Mosaic Fertilizer LLC's Motion to Exclude was electronically filed and served via this Court's CM ECF on counsel for Mosaic Fertilizer, Inc.

____/S/__Laureen Galeoto____
Laureen Galeoto
Counsel for Ms. Williams