**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


RHONDA WILLIAMS, a single person,

        Plaintiff,

v.                                 Case No. 8:14-cv-1748-T-35TGW

MOSAIC FERTILIZER, LLC, a Delaware
Corporation doing business in Florida, and
THE MOSAIC COMPANY,  Delaware
Corporation

        Defendants.
_____/


**PLAINTIFF'S AMENDED DAMAGES DISCLOSURE PURSUANT TO**
**RULE 26(a)(1), FEDERAL RULES OF CIVIL PROCEDURE**

3.      A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**ANSWER:**

Plaintiff has sustained economic and non-economic damages:

1.    Plaintiff's has sustained economic damages related to her inability to seek gainful employment throughout her adult life as a direct result of severe, continuous adverse health effects caused by exposure to Mosaic Fertilizer's hazardous and toxic emissions. These damages include:

    Loss of Earnings and related benefits
- o  What Plaintiff would have earned had she been able to seek and maintain gainful employment in the field of computer engineering technology from September 1996 through the present.
- o  Based on her first job following receipt of her bachelor's degree from the University of South Florida, at a rate of pay of $23,000 per annum, multiplied by eighteen years and six months, Plaintiff is entitled to no less than: $425,500.00

EXHIBIT A

- o   All employment benefits and retirement benefits Plaintiff would have been entitled to had she been able to seek gainful employment in the field of computer technology from September 1996 through the present.
- o   A set-off may be taken for disability benefits paid to Plaintiff.  Plaintiff has a determination of disability as of September 1, 1996.  Plaintiff has received Social Security Disability benefits since that time.  Data concerning benefits paid to the Plaintiff by the Social Security Administration dating back to 1998 will be made available for inspection.
- o   Plaintiff's lost earnings include: salary, with regular increases, healthcare, and retirement benefits, offset by the amount of Social Security/Disability benefit, and limited earnings she has received.

Past and future medical, healthcare and related home-health and life care

- o   As identified in the Second Amended Complaint, for over 18 years, Plaintiff has suffered and continues to suffer from a myriad of very complex health issues that were caused and/or exacerbated by exposure to Mosaic Fertilizer's emissions, hindering every aspect of her life.  Plaintiff's health condition will continue to progressively worsen over her lifetime.
- o   Concerning past medical economic damages for routine and non-routine medical care, from 1998 through 2014 is estimated at 1,200,000, subject to revision.  This estimate is based on information of charges for services collected to date from medical providers, with a multiplier for non-routine emergent care and non-routine hospitalizations.   Medical records collected to date have been produced.
- o   The present value of Plaintiff's future life care needs are estimated to range from $3,287,271 to $3,295,810, based upon the Life Care Plan for Ms. Williams, subject to revision.
- o   Future non-routine medical economic damages through Ms. Williams' life expectancy are estimated at no less than $1,000,000.00, based upon past non-routine emergent care and hospitalization records for the last 16 years and the life expectancy of another 32 years, subject to revision.

Loss in property value
- o   Plaintiff's home and surrounding community is contaminated by hazardous and toxic emissions, which have a direct footprint to Mosaic Fertilizer.   Plaintiff has not attempted to sell her home, which she owns outright, as any attempt to sale would require a disclosure of the toxins, rendering her home valueless as it cannot be remedied because her home remains subject to the continuous exposure of toxic emissions from Mosaic Fertilizer.
- o   The Property Appraiser for Hillsborough County, appraised the market value of her home at $39,562 as of January 1, 2014.

Non-Economic Damages
- o   The loss of enjoyment of life, constant fatigue, and the pain and intolerable suffering caused to Plaintiff by Mosaic Fertilizer's continuous dumping of toxic

2

EXHIBIT A

emissions on the Plaintiff, her home and surrounding community are immeasurable and intangible.  Notwithstanding the foregoing, Ms. Williams intends to seek $47,000,000 for her suffering from the jury, which is one million dollars for every year of her life.

o   Ms. Williams will seek punitive damages from the Defendants of no less than $10,000,000 or no less than one percent of Defendants' net earnings for 2014, subject to revision.

EXHIBIT A

Dated: February 23, 2015

/s/ Laureen Galeoto
Laureen Galeoto, Trial Counsel
FBN 0194107
Law Office of Laureen Galeoto, PLLC
511 W. Bay Street, Suite 350
Tampa, FL  33611
P. 813.280.9326
Laureen@laureenlaw.com

Mary Ellen Hogan
FBN 0065372
The Green Counselor, PLLC
511 W. Bay Street, Suite 350
Tampa, FL  33611
P. 813.964.6515
Maryellen@thegreencounselor.com

William P. Walker, Jr.
Walker Morgan, LLC
135 E. Main Street
Lexington, SC  29072
P. 803.359.6194
bw@walkermorgan.com

CERTIFICATE OF SERVICE

I CERTIFY that on February 23, 2015, I electronically mailed the foregoing to Counsel

for Defendant, Christopher Torres and Chelsae Johansen.

   /s/ Laureen Galeoto
Counsel for Rhonda Williams

EXHIBIT A