IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA WILLIAMS, a single person,

    Plaintiff,

vs.

Case No. 8:14-cv-01748-MSS-TGW

MOSAIC FERTILIZER, LLC, a Delaware corporation doing business in Florida,

    Defendant

_____/

## NOTICE OF SERVING FIRST SET OF INTERROGATORIES

Defendant, Mosaic Fertilizer, LLC, pursuant to Rule 33, Federal Rules of Civil Procedure, propounds the attached interrogatories. Answers are due within 30 days after service of this request.

Dated: June 12, 2015

/s/ David B. Weinstein
David B. Weinstein (FBN 604410)
weinsteind@gtlaw.com
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Chelsae R. Johansen (FBN 0106029)
johansenc@gtlaw.com
GREENBERG TRAURIG, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Secondary Email:
dunnla@gtlaw.com; rechtinh@gtlaw.com;
FLService@gtlaw.com

EXHIBIT B

### CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been furnished to the following by registered e-mail on June 12, 2015:

Laureen Galeoto
LAW OFFICE OF LAUREEN GALEOTO, PLLC
511 W. Bay Street, Suite 350
Tampa, FL 33606
Primary laureen@laureenlaw.com
Secondary info@laureenlaw.com

Mary Ellen Hogan
THE GREEN COUNSELOR, PLLC
511 W. Bay Street, Suite 350
Tampa, FL 33606
Primary maryellen@thegreencounselor.com
Secondary mehoganlaw@sbcglobal.net

William P. Walker, Esquire
WALKER MORGAN, LLC
135 E. Main Street
Lexington, SC 29072
E: bw@walkermorgan.com

/s/ David B. Weinstein
Attorney

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RHONDA WILLIAMS, a single person,

    Plaintiff,

vs.

Case No. 8:14-cv-01748-MSS-TGW

MOSAIC FERTILIZER, LLC, a Delaware
corporation doing business in Florida,

    Defendant

_____/

## MOSAIC'S FIRST SET OF INTERROGATORIES

### INSTRUCTIONS

    1.    In accordance with Rule 33, Federal Rules of Civil Procedure, your response shall set forth the interrogatory and shall set forth the answer to the interrogatory "separately and fully in writing under oath" or "shall state fully the grounds for refusal to answer any interrogatory." You must sign the responses and your answers shall include all information available to you directly or through agents, representatives, or attorneys.

    2.    If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

    3.    Where knowledge or information in the possession or control of a party is requested or inquired of, such request or inquiry also seeks knowledge or information in the possession or control of the party's agents, servants, employees, representatives, and attorneys, or other persons acting for or on behalf of the party.

EXHIBIT B

4. If you refuse to answer any interrogatory, in whole or in part, on the grounds of privilege, so state, answer all remaining parts of the interrogatory, state the nature of the privilege (*e.g.*, attorney-client, etc.), and state facts sufficient to support your claim of privilege. For each item of information, Communication, Document or part thereof as to which you claim privilege, state:

    (a)    the date of the Document or Communication;

    (b)    the type, title, and subject matter of the Document or Communication, sufficient to assess whether the assertion of privilege is valid;

    (c)    the name of the person(s) who prepared or signed the Document or communicated the information;

    (d)    the name and positions of any intended and actual recipients of the Document or Communication;

    (e)    each person now in possession of the original or a copy of the Document, information, or Communication;

    (f)    Identify all persons known to you to have seen or otherwise learned of the contents of the Document or Communication; and

    (g)    the number of the interrogatory to which the Document, Communication, or other information is responsive.

5. If, for reasons other than a claim of privilege, you refuse to answer any interrogatory, answer so much of the interrogatory as is not objectionable and state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of the refusal.

6. In the event that you object to any interrogatory on the basis that it is overbroad for any reason, respond to that interrogatory narrowed in such a way as to render it not overbroad in your opinion, and state the extent to which you have narrowed the interrogatory for purposes of your response.

7. If any interrogatory cannot be answered in full, it should be answered to the extent possible, with a detailed explanation as to why the remainder cannot be answered, disclosing whatever information, knowledge, or belief you do have with respect to the unanswered portion, including the name(s) and address(es) of any person(s) or entity(ies) having further information.

8. If any of the preceding interrogatories call for the identification of or reference to Documents that you know to be missing, destroyed, or otherwise disposed of, identify such Documents and give particular details as to the disposition of each Document, the identity of the person last known to have the Document in his or her possession or subject to his or her control, and the identity of each person you have reason to believe had knowledge of its contents or received a copy of the Document.

9. If a Person, fact, Communication, or Document is mentioned or referred to in response to more than one of these interrogatories, you need not completely identify him, her, or it in every such instance, provided that you supply a complete identification in one such instance and in all other such instances make specific reference to the place, by page and paragraph, in your answers to these interrogatories, where he, she, or it is fully identified.

10. These interrogatories are continuing in character so as to require you to promptly amend or supplement your answers if you obtain further material information.

EXHIBIT B

11. If an answer to a question is based upon information and belief, specify and identify the source of the information and the grounds for the belief.

12. It is Plaintiff's obligation to provide all responsive information in his or her possession, custody, or control. This includes information in the possession of her attorneys, agents, representatives, other outside service providers and persons employed by Plaintiff or their attorneys.

**DEFINITIONS**

In these interrogatories, the following definitions shall apply regardless of whether or not the defined terms are capitalized:

1. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

2. The terms "and" and "or" have both conjunctive and disjunctive meanings.

3. The terms "any" and "all" also mean "each" and "every."

4. "Communication" shall refer to and include, without limitation and in the singular as well as in the plural, all conversations, telephone conversations, statements, discussions, debates, arguments, discourses, colloquies, interviews, consultations, and every other kind of oral utterance.

5. "Complaint" will refer to the Second Amended Complaint filed by Plaintiff in the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:14-cv-1748.

6. "Defendant" and "Mosaic" will refer to and include Mosaic Fertilizer, LLC and all officers, directors, members, employees, agents, or representatives of Mosaic Fertilizer, LLC.

7. The term "including" does not limit the scope of the interrogatory.

**EXHIBIT B**

8. The term "knowledge" includes actual, imputed, constructive, and inquiry knowledge, awareness, perception, or notice.

9. "Medical provider" means any doctor, hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, mental, emotional or psychological care or advice, and any medical practitioner, pharmacy, pharmacist, counselor, dentist, X-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, psychologist, osteopath, homeopath, chiropractor, psychologist, counselor, therapist, nurse, herbalist, nutritionist, and/or dietician, and any other persons or entities involved in your medical, physical, or emotional care.

10. "Mosaic Riverview Complex" will refer to and include Mosaic's Riverview plant, which is located on U.S. Highway 41 South in Riverview, FL, as well as the Riverview plant's phosphogypsum stacks.

11. "Person" will refer to and include without limitation and in the singular as well as in the plural, natural persons, partnerships, joint ventures, corporations, limited liability entities, companies, firms, groups, associations, estates, trusts, and all other organizations and entities, unless the context specifically indicates otherwise. Any reference to a person will include his, her, or its agents, assigns, attorneys, consultants, members, managers, directors, officers, employees or any other authorized representative.

12. "Plaintiff," "you," or "your" will refer to and include Rhonda Williams and her agents, assigns, attorneys, consultants, or any other authorized representative.

EXHIBIT B

13. Relating to," "relative to," or "regarding" mean, in whole or in part, constituting, containing, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to.

## INTERROGATORIES

**Interrogatory 1.** Please identify with specificity all injuries, illnesses, and conditions you allege were caused by exposure to emissions emanating from the Mosaic Riverview Complex, include in your answer:

    a.    the specific injuries or illnesses alleged;

    b.    the constituent responsible for each alleged injury or illness;

    c.    the duration of exposure to each constituent responsible for each alleged injury or illness;

    d.    the concentration of exposure to each constituent responsible for each alleged injury or illness;

    e.    the biologically available dose you received of each such constituent and how you received it; and

    f.    all efforts taken by you to determine that your alleged injuries, illnesses, and conditions were caused by exposure to emissions emanating from the Mosaic Riverview Complex, including when those efforts were taken and what they specifically included.

EXHIBIT B

**Interrogatory 2.** For any injury, illness, or condition alleged in the Complaint, if any medical provider told you that he or she believed any such injury, illness, or condition was caused by or related to any exposure to emissions you allege emanated from the Mosaic Riverview Complex, Identify:

    a.    the name of such injury, illness, or condition;

    b.    the name and address of each medical provider who told you that he or she believed any such injury, illness, or condition was caused by or related to any exposure to emissions you allege emanated from the Mosaic Riverview Complex,

    c.    what the medical provider told you;

    d.    where, when, and how (e.g., a report, letter, email, verbally) the medical provider provided such information, and

    e.    who was present at the time the medical provider provided such information.

**Interrogatory 3.** For any injuries, illnesses, and conditions you allege were caused by exposure to emissions emanating from the Mosaic Riverview Complex, Identify every medical provider who has examined or treated you, as well as every clinic, hospital, treatment facility, or other healthcare facility to which you have been examined or treated, include in your answer:

    a. the name of the medical provider who examined or treated you and/or the clinic, hospital, treatment facility, or other healthcare facility at which you were examined or treated;

    b. the injury, illness, or condition for which you were examined, tested, or treated;

    c. the date of examination, test, or treatment;

    d. the diagnosis or test result;

    e. the treatment given or prescribed;

    f. all out of pocket payments made by you to each such medical provider and/or clinic, hospital, treatment facility, or other healthcare facility at which you were examined or treated;

    g. all payments made by another, including any governments agencies or programs, to each such medical provider and/or clinic, hospital, treatment facility, or other healthcare facility at which you were examined or treated; and

    h. the amounts and dates of all such payments described in (f) or (g).

EXHIBIT B

**Interrogatory 4.**  Identify all environmental sampling and analytical results concerning the allegations in your Complaint that (a) you have been exposed to emissions emanating from the Mosaic Riverview Complex, and (b) your home and property have been contaminated by emissions emanating from the Mosaic Riverview Complex.  Include in your answer:

    a.    where each the sample was taken (latitude and longitude if recorded);

    b.    when each sample was taken;

    c.    who took each sample;

    d.    each constituent sampled or analyzed;

    e.    who analyzed each sample;

    f.    what analytical methods were used to analyze the samples (*e.g.*, methods, analytes, detection limits, etc.);

    g.    results; and

    h.    the background level of each constituent.

EXHIBIT B

**Interrogatory 5.** Identify all addresses at which you lived or visited for more than two weeks in total over the last 20 years, include within your answer:

    a.    the addresses at which you lived or visited;

    b.    the dates during which you lived at each address or visited;

    c.    the names of any persons who lived or visited at each address during the same time as you;

    d.    the names of any persons who were with you at any time during any such visits; and

    e.    the most recent contact information for all such persons (including phone numbers, email address, Facebook page, Twitter accounts, and home addresses).

**Interrogatory 6.**  For any automobile accident in which you have been involved, list all details relating to the accident, include in your answer:

    a.    where the accident occurred;

    b.    how the accident occurred;

    c.    what types of vehicles were involved in the accident;

    d.    each person involved in the accident;

    e.    what injuries each person suffered;

    f.    what medical services you received in connection with the accident;

    g.    when you received any such medical services;

    h.    whether you ever sought a disability determination in connection with such injuries;

    i.    when you sought any such disability determination;

    j.    whether any insurance claims were made in connection with any such accidents;

    k.    whether any insurance reports were made in connection with any such accidents;

    l.    what law enforcement agencies and officers responded to or investigated the accident(s) and whether any police reports were prepared;

    m.    whether any paramedics, fire-rescue, or other medical agencies or personnel responded to the accident(s) and whether any reports were prepared;

    n.    whether any litigation arose in connection with any such accidents;

    o.    any witnesses to such accidents; and

    p.    any compensation you received relative to any such accidents.

EXHIBIT B

**Interrogatory 7.** Identify each insurance carrier, health maintenance organization, or health benefits plan that has provided or has been obligated to provide you with medical, pharmaceutical or prescription, health, disability, or compensation coverage at any time, include in your answer:

    a.    the organization name, address, telephone number, and policy or identification number;

    b.    the approximate dates that each provided coverage; and

    c.    if such insurance was provided by or through your employer, please identify the name and address of that employer.

EXHIBIT B

**Interrogatory 8.** Identify all damages that you claim to have incurred or suffered (including alleged future damages) as a result of the allegations asserted in the Complaint. Include in your answer:

    a.    the specific amount you allege you are entitled to for lost wages;

    b.    the complete calculation of the alleged lost wages you assert are attributable to Defendants;

    c.    any criteria, rationale, bases, or grounds (whether reasoned or arbitrary) you relied on in calculating lost wages;

    d.    the specific amount you allege you are entitled to for property damages;

    e.    the complete calculation of the alleged property damages you assert are attributable to Defendants;

    f.    any criteria, rationale, bases, or grounds (whether reasoned or arbitrary) you relied on in calculating property damages;

    g.    the specific amount you allege you are entitled to for past medical expenses;

    h.    the complete calculation of the alleged past medical expenses you assert are attributable to Defendants;

    i.    any criteria, rationale, bases, or grounds (whether reasoned or arbitrary) you relied on in calculating past medical expenses;

    j.    the specific amount you allege you are entitled to for future medical expenses;

    k.    the complete calculation of the alleged future medical expenses you assert are attributable to Defendants;

    l.    any criteria, rationale, bases, or grounds (whether reasoned or arbitrary) you relied on in calculating future medical expenses;

    m.    the specific amount you allege you are entitled to for non-economic damages;

    n.    the complete calculation of the alleged non-economic damages you assert are attributable to Defendants;

    o.    any criteria, rationale, bases, or grounds (whether reasoned or arbitrary) you relied on in calculating non-economic damages;

**Interrogatory 9.** Identify all persons who participated in answering these interrogatories, including any persons who gathered information used in answering these interrogatories, their position or title (to the extent they have one), and their relationship to you. To the extent more than one person participated in answering these interrogatories, identify which interrogatory each person or persons assisted in answering.

## VERIFICATION

Rhonda Williams

_____

**STATE OF** _____

**COUNTY OF** _____

**BEFORE ME**, the undersigned authority, appeared _____, _____, who is personally known to me or produced _____ as identification, and after being first duly sworn, says that the foregoing answers are true and correct.

Sworn to and subscribed before me this \_\_\_\_\_ day of _____, 2015.

_____
Notary Public, State of Florida at Large
Print Name: _____
Commission No.: _____
My Commission Expires: _____

*TPA 511989908*

EXHIBIT B