UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA WILLIAMS, a single person,

    Plaintiff,

v.                                              Case No. 8:14-cv-1748-T-35TGW

MOSAIC FERTILIZER, LLC, a Delaware
Corporation doing business in Florida,

    Defendant.
_____/

**NOTICE OF SERVICE OF PLAINTIFF'S AMENDED RESPONSES (AMENDED AS TO INTERROGATORY NO. 8, Subparts D, E, and F ONLY) TO DEFENDANT MOSAIC FERTILIZER, LLC'S FIRST SET OF INTERROGATORIES**

Plaintiff, Rhonda Williams, hereby gives notice of service to counsel for Defendant, Mosaic Fertilizer, LLC, by electronic and U.S. Mail, of her amended response to Interrogatory Number 8, subparts d, e, and f, to Defendant's First Set of Interrogatories.

Dated November 22, 2016

                                    COUNSEL FOR PLAINTIFF

                                    By:_____/S/ Laureen Galeoto
                                    Laureen Galeoto, Esquire
                                    Law Office of Laureen Galeoto, PLLC
                                    100 S. Ashley Dr., Ste. 600
                                    Tampa, FL 33602
                                    M. 813.397.3800
                                    F. 813.433.5539
                                    PRIMARY laureen@laureenlaw.com
                                    SECONDARY info@laureenlaw.com
                                            ~ and ~

EXHIBIT C

Mary Ellen Hogan, Esquire
THE GREEN COUNSELOR, PLLC
100 S. Ashley Drive, Ste. 600
Tampa, FL 33602
C. 310.991.3146
PRIMARY maryellen@thegreencounselor.com
SECONDARY mehoganlaw@sbcglobal.net
~ and pro hac vice ~
William P. Walker, Esquire
WALKER MORGAN, LLC
135 E. Main Street
Lexington, SC 29072
M: 803.359.6194
F: 803. 957.4584
E: bw@walkermorgan.com

CERTIFICATE OF SERVICE

I CERTIFY that on November 22, 2016, that a copy of the foregoing was served on counsel for Mosaic Fertilizer, LLC, by electronic and U.S. Mail.

David Weinstein (Weinsteind@gtlaw.com)
Christopher Torres (Torresch@gtlaw.com)
Ryan Hopper (Hopperr@gtlaw.com)


   /s/ Laureen Galeoto
Counsel for Rhonda Williams

EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA WILLIAMS, a single person,

    Plaintiff,

v.                            Case No. 8:14-cv-1748-T-35TGW

MOSAIC FERTILIZER, LLC, a Delaware
Corporation doing business in Florida,

    Defendant.
_____/

**PLAINTIFF'S AMENDED RESPONSES (AMENDED AS TO INTERROGATORY NO. 8, Subparts D, E, and F ONLY) TO DEFENDANT MOSAIC FERTILIZER, LLC'S FIRST SET OF INTERROGATORIES**

## GENERAL RESPONSES AND OBJECTIONS

Ms. Williams asserts the following objections to each and every request:

**EXCEEDS THE INTERROGATORY LIMIT** – These interrogatories far exceed the limit of 25 interrogatories per side, including all discrete subparts.

**ATTORNEY-CLIENT PRIVILEGE** - To the extent these requests seek documents that are exempt from discovery by the attorney-client privilege or because the documents embody or disclose confidential communications between Plaintiff and its counsel or agents, Plaintiff will not provide such documents. The inadvertent production or disclosure of any documents or materials that may be exempt from discovery by the attorney-client privilege shall not constitute a waiver of that privilege and all such documents and materials shall be promptly returned to Plaintiff.

**WORK PRODUCT** - To the extent these requests seek documents that are exempt from discovery as work product, were prepared in anticipation of litigation or trial, consist of the mental impressions, conclusions, opinions or legal theories of Plaintiff's counsel, or are otherwise protected from disclosure, Plaintiff will not provide such documents. The inadvertent production or disclosure of any such documents or materials shall not constitute a waiver of any applicable privilege or protection and all such documents and materials shall be promptly returned to Plaintiff.

EXHIBIT C

**DOCUMENTS NOT IN PLAINTIFF'S POSSESSION** - Plaintiff objects to these requests to the extent they seek documents that are not in Plaintiff's possession, custody, or control and as such exceed the permissible scope of discovery under the Federal Rules of Civil Procedure.

**PROPRIETARY INFORMATION** - To the extent these requests seek documents that constitute, contain, or result in the disclosure of trade secrets or other confidential research and development or commercial information, Plaintiff objects to providing such proprietary information. In the event the Court determines that disclosure of such proprietary information is warranted, Plaintiff will not provide such information until the Court enters an appropriate order protecting the confidentiality of Plaintiff's proprietary information.

**IRRELEVANT INFORMATION** - To the extent these requests seek information that is not relevant to the subject matter of the pending action and are not reasonably calculated to lead to the discovery of admissible evidence, Plaintiff objects to the requests.

**UNNECESSARILY BURDENSOME AND OVERBROAD** - To the extent these requests are unnecessarily burdensome, overbroad, or oppressive, Plaintiff objects to the requests.

**IMPROPER PURPOSES** - To the extent these requests are interposed only to cause Plaintiff annoyance, embarrassment, oppression, and undue burden, Plaintiff objects to the requests.

**DUPLICATIVE** - To the extent these requests are duplicative, redundant, or cumulative, Plaintiff objects to the requests.

**REQUEST FOR A LEGAL OPINION** - To the extent these requests call for a legal opinion as to the effect of facts and data, Plaintiff objects to the requests.

**OBJECTION TO INSTRUCTIONS AND DEFINITIONS** - Plaintiff objects to Defendant's "Instructions and Definitions" to the extent they purport to impose obligations, requirements, terms, conditions, or other provisions concerning discovery other than or in addition to those set forth in the Federal Rules of Civil Procedure or otherwise provided under applicable law.

**NO CONCESSION OF ADMISSIBILITY** - Plaintiff submits this response without conceding the competency, relevancy, or materiality of the subject matter of any requests or of any documents and without prejudice to all objections to the use or further production or admissibility of any documents.

## SPECIFIC RESPONSES

**INTERROGATORY 8.**

<u>Response:</u>

In addition to her General Responses and Objections set forth above, Ms. Williams objects to this request as it violates Rule 33's limitation on discrete subparts. Further, Ms. Williams objects to this request to the extent it is unduly burdensome and meant solely for the purpose of

EXHIBIT C

harassment. Subject to and without waiving her objections, Ms. Williams directs you to her Second Amended Damages Disclosure, pursuant to Rule 26(a)(1), and Rule 26(e), and further responds to interrogatory numbers 48 – 60 as follows:

a. Ms. Williams will testify to her inability to work and her lifetime of lost wages from September 1996 up through the present day. She believes she would have earned no less than $23,000/per annum.
b. All of her lost wages from September 1996 to the present day are attributable to Defendant.
c. Her initial starting salary as a college graduate with a degree in computer engineering.
d. The greater of i.) the amount of an independent appraisal, ii.) $90,000, based on the most recent sales information of comparable homes (available post the service of Ms. Williams' initial response to Defendant's interrogatories in July of 2015), or iii.) the most recent appraised market value of her home per the Property Appraiser for Hillsborough County. Ms. Williams contends that due to the long-term and on-going nature of the pollutive discharge by Mosaic, remediation is implausible and not possible, and thus, she is entitled to damages for the total loss of value in her property, including diminution in value and/or stigma damages.
e. 100%. See d.
f. See d. Ms. Williams contends the property has no present value as any sale would require the disclosure of the toxins found in and around the home and neighborhood, as previously produced in this action, which came directly from Mosaic Fertilizer. Ms. Williams does not believe that a rational, educated person, who had knowledge of the presence of the toxic emissions and/or their long-term health effects would want to acquire residential property in her neighborhood; and that her property is damaged by the stigma associated with the continual and on-going exposure to Sulfur Dioxide, Arsenic, Cadmium, Chromium, Barium, Radioactive isotopes and other hazardous air pollutants. Under the law, a seller in Florida must disclose any facts to a potential buyer that would affect the value of the property. Here, Ms. Williams would be required to disclose the presence of Sulfur Dioxide, Radioactive isotopes and other hazardous air pollutants found at her property and in and around her neighborhood.

EXHIBIT C

3

g. The WellCare records produced in this action are the best evidence of the dollar figure for past medical expenses.

h. 100%. See g.

i. See g. WellCare produced records that reflected the amount charged for medical services provided to Ms. Williams from July 2001 through the present. Ms. Williams contends that her medical expenses from that time forward are related to her exposure from emissions coming from Defendant.

j. See Dr. Paul Deutsch's expert report produced in this action, as best evidence of the dollar amount.

k. 100%. Dr. Deutsch includes a calculation for future medical expenses, exclusive of emergency related care.

l. Ms. Williams relies on the reports of Dr. Paul Deutsch, and Frank Mink, Ph.D., two renowned experts in this area as best evidence of this information.

m. At this time, $47,000,000 as stated in my Amended Damages Disclosures. However, discovery of additional records concerning the Defendant's wanton, intentional and/or reckless disregard for those exposed to its emissions may increase this number.

n. 100%

o. The loss of enjoyment of life, employment, and liberty. The constant fatigue, pain and intolerable suffering caused by Mosaic Fertilizer's greed, lack of care and total disregard for human life, including the life of Ms. Williams', the continuous willful and reckless dumping of toxic emissions on Ms. Williams and her entire community, and Mosaic Fertilizer's deceitful conduct and intentional failure to truthfully disclose to her and the community at large the dangers caused by both short-term and long-term exposure to its emissions.

EXHIBIT C

4

## Verification by Ms. Williams of the Amended Response to Interrogatory No. 8

I certify under penalty of perjury of the laws of the State of Florida and the United States that the foregoing responses to Mosaic Fertilizer, LLC's interrogatories are true and correct.

By: Rhonda Williams

_Rhonda Williams_
(Signature)

Dated: _November 22, 2016_

5

EXHIBIT C