Page 1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

\* \* \*

RHONDA WILLIAMS, A SINGLE PERSON,

    PLAINTIFF,

vs.      Case No. 8:14-CV-01748-MSS-TGW

MOSAIC FERTILIZER, LLC, A DELAWARE CORPORATION DOING BUSINESS IN FLORIDA,

    DEFENDANT.

\* \* \*

Videotaped deposition of LESLIE JOSEPH UNGERS, Witness herein, called by the Defendant for cross-examination pursuant to the Rules of Civil Procedure, taken before me, Connie Sumner, RPR, a Notary Public in and for the State of Ohio, at the offices of Statman, Harris & Eyrich, LLC, 441 Vine Street, Suite 3700, Cincinnati, Ohio on Tuesday, August 18, 2015, at 9:12 o'clock a.m.

\* \* \*

EXHIBIT E

| | EXAMINATION CONDUCTED | PAGE |
|---|---|---|
| 1 | | |
| 2 | BY MR. TORRES:................................ | 8 |

EXHIBITS MARKED

(Thereupon, Ungers Exhibit No. 1, expert opinion of Leslie J. Ungers, was marked for purposes of identification.)............................. 30

(Thereupon, Ungers Exhibit No. 2, elemental and radiochemistry of settled dust and surface soil study dated September 2014, was marked for purposes of identification.).......................... 31

(Thereupon, Ungers Exhibit No. 3, elemental and radiochemistry of settled dust and surface soil study dated March 2015, was marked for purposes of identification.)............................. 33

(Thereupon, Ungers Exhibit No. 4, expert opinion of Leslie J. Ungers, was marked for purposes of identification.)............................. 52

(Thereupon, Ungers Exhibit No. 5, set of tables, was marked for purposes of identification.)...... 75

(Thereupon, Ungers Exhibit No. 6, Riverview receptor grid from FDEP, was marked for purposes of identification.)............................. 105

(Thereupon, Ungers Exhibit No. 7, set of graphs, was marked for purposes of identification.)...... 143

(Thereupon, Ungers Exhibit No. 8, Baseline

```
 1     Concentrations of 15 Trace Elements in Florida
 2     Surface Soils article, was marked for purposes of
 3     identification.)............................    150
 4     (Thereupon, Ungers Exhibit No. 9, Table 2, Technical
 5     Report, Soil Cleanup Target Levels, was marked
 6     for purposes of identification.)............    152
 7     (Thereupon, Ungers Exhibit No. 10, Soil Cleanup
 8     Target Levels comparison table, was marked
 9     for purposes of identification.)............    153
10     (Thereupon, Ungers Exhibit No. 11, dust and soil
11     summary table for 4810 S. 87th St. attic, was marked
12     for purposes of identification.)............    161
13     (Thereupon, Ungers Exhibit No. 12, dust and soil
14     summary table for 5914 S. 78th St. attic, was marked
15     for purposes of identification.)............    163
16     (Thereupon, Ungers Exhibit No. 13, dust and soil
17     summary table for 5914 S. 78th St. soil, was marked
18     for purposes of identification.)............    164
19     (Thereupon, Ungers Exhibit No. 14, dust and soil
20     summary table for 8616 Progress Blvd. attic, was
21     marked for purposes of identification.)......    164
22     (Thereupon, Ungers Exhibit No. 15, dust and soil
23     summary table for 8616 Progress Blvd. soil, was
24     marked for purposes of identification.)......    165
25     (Thereupon, Ungers Exhibit No. 16, dust and soil
```

                                                                    Page 4

```
 1    summary table for 5202 S. 86th St. attic, was marked
 2    for purposes of identification.)..............   166
 3    (Thereupon, Ungers Exhibit No. 17, dust and soil
 4    summary table for 5202 S. 86th St. attic, was marked
 5    for purposes of identification.)..............   167
 6    (Thereupon, Ungers Exhibit No. 18, dust and soil
 7    summary table for 1906 S. Lenna Ave. attic, was
 8    marked for purposes of identification.)......   167
 9    (Thereupon, Ungers Exhibit No. 19, dust and soil
10    summary table for 1906 S. Lenna Ave. attic, was
11    marked for purposes of identification.)......   169
12    (Thereupon, Ungers Exhibit No. 20, dust and soil
13    summary table for 4810 S. 87th St. soil, was marked
14    for purposes of identification.)..............   170
15    (Thereupon, Ungers Exhibit No. 21, Technical Support
16    Document, was marked for purposes of
17    identification.)............................   172
18    (Thereupon, Ungers Exhibit No. 21, summary of air
19    monitoring data, was marked for purposes of
20    identification.)............................   176
21    (Thereupon, Ungers Exhibit No. 22, handwritten
22    document, was marked for purposes of
23    identification.)............................   178
24    (Thereupon, Ungers Exhibit No. 23, summary of point
25    source emissions for sulfur dioxide, was marked
```

```
 1   for purposes of identification.).............   179
 2   (Thereupon, Ungers Exhibit No. 24, a set of tables,
 3   was marked for purposes of identification.)..   180
 4   (Thereupon, Ungers Exhibit No. 25, letter from
 5   Ungers & Associates, was marked for purposes of
 6   identification.)............................   181
 7   (Thereupon, Ungers Exhibit No. 26, soil maps, was
 8   marked for purposes of identification.).......   183
 9   (Thereupon, Ungers Exhibit No. 27, aerial
10   photographs, was marked for purposes of
11   identification.)............................   185
12   (Thereupon, Ungers Exhibit No. 28, Spearman
13   Rank-Order Correlation Coefficient article, was
14   marked for purposes of identification.).......   188
15   (Thereupon, Ungers Exhibit No. 29, Final Technical
16   Report:  Development of Cleanup Target Levels for
17   Chapter 62-777, F.A.C., was marked for purposes of
18   identification.)............................   209
19
20
21
22
23
24
25
```

```
 1    APPEARANCES:

 2         On behalf of the Plaintiff:

 3              The Green Counselor, PLLC

 4         By:  Mary Ellen Hogan
                Laureen Galeoto (via teleconference)
 5              Attorneys at Law
                100 South Ashley Drive
 6              Suite 600
                Tampa, Florida  33602
 7
                Walker, Morgan LLC
 8
           By:  William P. Walker (via teleconference)
 9              Attorney at Law
                135 East Main Street
10              Lexington, South Carolina  29072

11         On behalf of the Defendant:

12              Greenberg Traurig PA

13         By:  Christopher Torres
                Attorney at Law
14              Courthouse Plaza
                625 East Twiggs Street
15              Suite 100
                Tampa, Florida  33602
16
           Also present:
17
                Franklin L. Mink, Ph.D.
18              Richard Stevens, Videographer

19                        *   *   *

20

21

22

23

24

25
```

1  of the other ones may well have.  As I sit here, I
2  don't recall.  I would have to look at the article.
3      Q.   Are you familiar with the EPA Exposure
4  Factors Handbook?
5      A.   I've seen it, yes.
6      Q.   Did you use it at all in preparing your
7  report?
8      A.   I didn't conduct an exposure assessment,
9  so no.
10     Q.   Do you believe you collected data from
11  which an exposure assessment can be made?
12     A.   Yes.  I don't know the error around that
13  assessment, what it would be, but I suppose there is
14  a way to back it out.  I'm unfamiliar with the
15  technique that's established for that.
16     Q.   Did you say the air or the error?
17     A.   Error.
18     Q.   Error?
19     A.   Both methods have variability, so I'm
20  unfamiliar with that.  I don't do a lot of that
21  exposure assessment.
22     Q.   What references in your report tell us or
23  provide data on Mosaic being a major source of
24  pollution for the radioactive elements you list
25  here, lead, polonium, radium, thorium and uranium?

Page 66

1      A.    I believe item -- you say Mosaic?

2      Q.    **Um-hmm.**

3      A.    My use of that would be related to their

4  industry.  I don't know if I have any actual data

5  that Mosaic has provided to the regulatory agencies

6  or otherwise that indicates the levels of those

7  materials in there.

8      Q.    **Do you have any data related to Mosaic's**

9  **emitting radioactive elements?**

10     A.    Only in that that would be an expected

11 emission from those types of operations.

12     Q.    **But do you have any data?**

13     A.    Any actual data from Mosaic?

14     Q.    **Correct.**

15     A.    I don't recall any, no.

16     Q.    **If you had, would you have used it in your**

17 **calculations at all?**

18              MS. HOGAN:  Wait.  Let's hear the

19         question again, please.

20              (Thereupon, the record was read back

21 by the court reporter.)

22              THE WITNESS:  My calculations were

23         designed around the receptor, in this case

24         the attics and the soil, so it wouldn't be

25         used in my calculations.  There's no place

Page 210

1              THE WITNESS:  I'm good, yeah.

2              MS. HOGAN:  Good.

3              (Thereupon, Ungers Exhibit No. 29,

4     Final Technical Report:  Development of Cleanup

5     Target Levels for Chapter 62-777, F.A.C., was marked

6     for purposes of identification.)

7     BY MR. TORRES:

8         Q.   I'm going to hand you Exhibit 29, which

9     is -- thank you -- Bates labeled Ungers_004957

10    through 5266.  Have you -- do you recognize this

11    document?

12        A.   I do recognize this document.

13        Q.   And what is it?

14        A.   It's a technical report developed, I

15    believe, to support the cleanup target levels for

16    the Florida Department of Environmental Protection.

17        Q.   And how did you use it?

18        A.   I didn't, Counselor.

19        Q.   Is there a reason you did not?

20        A.   Again, I wasn't asked to do an exposure

21    assessment or dose reconstruction and so -- it

22    downloaded, I think, with the -- with the document I

23    used to -- for the comparison in my tables.

24        Q.   Are you aware of anyone doing an exposure

25    assessment or dose reconstruction?

```
 1   STATE OF OHIO        )
 2   COUNTY OF MONTGOMERY )    SS:   CERTIFICATE
 3              I, Connie Sumner, a Notary Public within
 4   and for the State of Ohio, duly commissioned and
 5   qualified,
 6              DO HEREBY CERTIFY that the above-named
 7   LESLIE J. UNGERS, was by me first duly sworn to
 8   testify the truth, the whole truth and nothing but
 9   the truth.
10              Said testimony was reduced to writing by
11   me stenographically in the presence of the witness
12   and thereafter reduced to typewriting.
13              I FURTHER CERTIFY that I am not a relative
14   or Attorney of either party, in any manner
15   interested in the event of this action, nor am I, or
16   the court reporting firm with which I am affiliated,
17   under a contract as defined in Civil Rule 28(D).
18
19
20
21
22
23
24
25
```

Page 215

1       IN WITNESS WHEREOF, I have hereunto set my
2  hand and seal of office at Dayton, Ohio, on this 1st
3  day of September, 2015.
4
5
6
7  _____
8  CONNIE SUMNER
   NOTARY PUBLIC, STATE OF OHIO
9  My commission expires 09-03-2017
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25